## LARKIN et al. v. ROSEBERRY et al.
### No. 295.

District Court, E. D. Kentucky.
March 3, 1944.

William B. Gess, of Lexington, Ky., for plaintiffs and petitioners.

John T. Metcalf, U. S. Atty. and Ben L. Kessinger, Asst. U. S. Atty., both of Lexington, Ky., Howard V. Campbell, Principal Atty. for U. S. Department of Agriculture, of Washington, D. C., for defendants and respondents.

374

FORD, District Judge.

Plaintiffs are owners of certain agricultural lands located in Fayette County, Kentucky, known as Poplar Hill Farm, upon which tobacco is produced for market subject to the provisions of the Agricultural Adjustment Act of 1938, hereinafter referred to as the Act. 52 Stat. pp. 31–71, 7 U.S.C.A. §§ 1281–1407.

Defendants constitute the Local Review Committee appointed by the Secretary of Agriculture to review, upon application, the established marketing quota of any dissatisfied farmer of the county, pursuant to section 363 of the Act, 7 U.S.C.A. § 1363.

The Review Committee having denied their application for an increase in the tobacco marketing quota established for their farm for the year 1943, plaintiffs instituted this proceeding in the Circuit Court of Fayette County, Kentucky, seeking a court review of the determinations made by the Committee. The proceeding was removed to this Court upon the ground that it is a suit of a civil nature arising under a law of the United States. Judicial Code, Sections 24 and 28, 28 U.S.C.A. §§ 41 and 71.

The plaintiffs have moved to remand the case to the State Court upon the grounds, (1) that it is not a "suit of a civil nature", within the meaning of sections 24 and 28 of the Judicial Code, 28 U.S.C.A. §§ 41 and 71, (2) that it is not a suit arising under a law of the United States, within the meaning of the phrase "arising under," as used in the statute, and (3) that removal of the proceeding is precluded by section 367 of the Act, 7 U.S.C.A. § 1367.

So far as pertinent to the questions involved, the provisions of the Act authorizing judicial review of the action of the Review Committee are as follows:

"Section 365. If the farmer is dissatisfied with the determination of the review committee, he may, within fifteen days after a notice of such determination is mailed to him by registered mail, file a bill in equity against the review committee as defendant in the United States district court, or institute proceedings for review in any court of record of the State having general jurisdiction, sitting in the county or the district in which his farm is located, for the purpose of obtaining a review of such determination. * * *" 7 U.S.C.A. § 1365.

"Section 366. The review by the court shall be limited to questions of law, and the findings of fact by the review committee, if supported by evidence, shall be conclusive. * * *" 7 U.S.C.A. § 1366.

"Section 367. . * * * Notwithstanding any other provisions of law, the jurisdiction conferred by this Part to review the legal validity of a determination made by a review committee pursuant to this Part shall be exclusive. No court of the United States or of any State shall have jurisdiction to pass upon the legal validity of any such determination except in a proceeding under this Part." 7 U.S.C.A. § 1367.

■ The plaintiffs' contention that the proceeding is not "a suit of a civil nature" within the meaning of the removal statute seems clearly untenable. Section 365, supra, describes the authorized proceeding as "a bill in equity against the review committee as defendant." In Weston v. City Council of Charleston, 2 Pet. 449, 464, 7 L.Ed. 481, the Supreme Court, speaking through Chief Justice Marshall, said: "The term is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice, by which an individual pursues that remedy in a court of justice which the law affords him. The modes of proceeding may be various, but if a right is litigated between parties in a court of justice, the proceeding by which the decision of the court is sought is a suit." Also see Gaines v. Fuentes, 92 U.S. 10, 20, 23 L.Ed. 524; Boom Company v. Patterson, 98 U.S. 403, 407, 25 L.Ed. 206, Upshur County v. Rich, 135 U.S. 467, 477, 10 S.Ct. 651, 34 L.Ed. 196, and Com'rs of Road Imp. District v. St. Louis S. W. Ry. Co., 257 U.S. 547, 560, 42 S.Ct. 250, 66 L. Ed. 364.

That the Act is a law of the United States regulating interstate commerce within the meaning of subsection 8 of section 24 of the Judicial Code, 28 U.S.C.A. § 41(8), is not disputed. Mulford v. Smith, 307 U.S. 38, 46, 59 S.Ct. 648, 83 L.Ed. 1092.

In their petition for review, the plaintiffs charge: "* * * that the County Committee and/or the Fayette County Agricultural Conservation Association, through its officers, agents and employees, established said quotas and yields upon bases and factors other than those as provided in the aforementioned Act, as amended, and in violation thereof; that said Review Committee failed and refused to take into con-

sideration that the County Committee and the aforenamed association considered various and sundry factors and asserted conditions in fixing and determining the quotas and allotments for Poplar Hill Farm entirely outside of and beyond the scope of the terms and provisions of the Agricultural Adjustment Act of 1938, as amended, and in violation thereof; * * *."

The prayer of the petition is "* * * that it be adjudged that these plaintiffs and petitioners are entitled to an acreage and marketing allotment of 15 acres for the year 1932", a measure of relief which could be granted by the court only if the Act be construed to extend the power of the court far beyond the limitations prescribed by section 366.

■ It thus appears from the face of the petition that this proceeding not only has its origin in a law of the United States, but it really and substantially involves a controversy as to "the scope of the terms and provisions" thereof which govern the establishment of marketing quotas as well as the construction and effect of its provisions relating to the relief which may be granted by the reviewing court. The result of the suit obviously depends upon the determination of these controversies. According to the standard prescribed in a long line of decisions, a proceeding which involves such controversies in respect to a law of the United States is one which "arises under" such law. State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648; Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 56 L.Ed. 1205, and Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70.

The plaintiffs' contention that removal of this proceeding is precluded by the provisions of section 367 of the Act proceeds upon the theory that sections 365 and 367, supra, create a unique and distinctive procedure for judicial review of administrative findings which is complete within itself and to which the removal statute is not applicable. The necessary effect of plaintiffs' contention is that sections 365 and 367 accomplish a, pro tanto, repeal of the removal statute.

In considering this contention, we are confronted at the outset with the fact that neither of these sections contains a repealing clause, and if they effect a repeal of the removal statute they must be interpreted as doing so by implication only.

■■ Perhaps no rule of statutory construction is more securely established in our law than that repeals by implication are not favored, and before a statute may be regarded as repealed by a later one containing no repeal clause there must be such positive repugnancy and irreconcilable conflict between the provisions of the new law and those of the old, as to evidence a clear and manifest intention on the part of the legislature to bring about such repeal. Both statutes should be given effect if reasonably possible. United States v. Borden Co., 308 U.S. 188, 198, 60 S.Ct. 182, 84 L.Ed. 181; Posadas v. National City Bank, 296 U.S. 497, 503, 56 S.Ct. 349, 80 L.Ed. 351.

■ The fact that section 365 confers concurrent jurisdiction of review procedure upon state and federal courts evidences no lack of harmony with the removal statute, for concurrent jurisdiction in the state court is an indispensable prerequisite to removal. "Jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." State of Minnesota v. United States, 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235.

■ It is quite apparent that the restrictive language of section 367 was intended to accomplish a two-fold purpose, viz: (1) to localize venue by prohibiting the institution of review proceedings in any court sitting outside the county or district in which the complaining farmer's land is located, and (2) to forbid any method of judicial review of the administrative findings other than by a direct proceeding against the Review Committee, thereby precluding indirect methods of securing such review by means of injunction suits against enforcement officers such as was resorted to in Shields v. Utah Idaho R. Co., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111, or through the method of an action against the Government under the Tucker Act, 28 U.S.C.A. § 41(20). See Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561, and Dooley v. United States, 182 U.S. 222, 21 S.Ct. 762, 45 L.Ed. 1074.

I find nothing in the terms of the Act or in its legislative history, so far as brought

to my attention, which indicates or even suggests that Congress contemplated prohibiting or in any way limiting exercise of the statutory right to remove such a proceeding from a state court to a federal court sitting in the same county or district, upon which equal and concurrent jurisdiction is conferred by the Act, or to exclude any other established procedure operative in or applicable to the court of first instance after it shall have acquired jurisdiction in accordance with section 365. It is true that, under section 365, as between the state and federal courts sitting in the county or district where his farm is located, a dissatisfied farmer may select the court in which to institute his proceeding but this right to select the court of first instance is not different from that which prevails in all cases where jurisdiction of federal and state courts is concurrent. If the right of a plaintiff to choose, between courts of concurrent jurisdiction, the forum in which to institute his action, should be held to negative the right of removal, the removal statute would not be operative in any case.

Here, as in all similar cases, the party instituting the proceeding may, by his pleading, so circumscribe the controversy as to avoid making it one "arising under" a law of the United States within the meaning of the removal statute, but if he elects to bring his case within the purview of the removal statute, the fact that he might have preserved his choice of courts by doing otherwise is immaterial and affords no basis for denying removal.

Another consideration which tends to confirm the conclusion that Congress did not intend a pro tanto repeal of the removal statute is that when Congress has heretofore intended to preclude the right of removal, it has so stated in clear and unambiguous language, See: Employers' Liability Act, 45 U.S.C.A. § 56, and the Act of January 20, 1914, amending section 28 of the Judicial Code denying removal of certain suits brought in state courts against railroads, 28 U.S.C.A. § 71.

The reasonable presumption is that if Congress had again intended to make so important a change in judicial procedure as that of precluding application of the removal statute, it would not have left the matter to mere implication, but, as in the other instances mentioned, it would have expressed such intention in words which could not be misunderstood.

The foregoing conclusions require that plaintiffs' motion to remand be overruled. Let an order be entered accordingly.