## LEE v. ROSEBERRY et al.
### No. 789.

United States District Court
E. D. Kentucky, at Lexington.
Nov. 29, 1950.

John L. Davis (of Stoll, Keenon & Park), Lexington, for plaintiff.

Claude P. Stephens, U. S. Dist. Atty., for the Eastern Dist. of Kentucky, Lexington, Ky., and Edmond F. McKeown, U. S. Dept. of Agriculture, Washington, D. C., for defendant.

Before MARTIN and MILLER, Circuit Judges, and DRUFFEL, District Judge.

MILLER, Circuit Judge.

This action was filed in the District Court for the Eastern District of Kentucky challenging the validity of a burley tobacco acreage allotment established under the provisions of the Agricultural Adjustment Act of 1938 for a farm in Scott County, Kentucky, owned by the plaintiff Auline J. Lee. 7 U.S.C.A. § 1281 etc. In addition to seeking a court review of the validity of the allotment, as provided by § 366 of the Act, 7 U.S.C.A. § 1366, the plaintiff asked for a declaratory judgment determining her rights as provided by Title 28 U.S.C.A. § 2201, and also sought an injunction against the members of the State Production and Marketing Administration Committee restraining the enforcement of the Act as administered by such committee. Due to the injunctive relief requested, and in accordance with the provisions of 28 U.S.C.A. §§ 2282 and 2284, Judge Xen Hicks, Chief Judge of the Circuit, appointed a district court of three judges, consisting of District Judge Ford, of the Eastern District of Kentucky, in whose court the action was filed and to whom the application for injunction was presented, District Judge Swinford, of the Eastern and Western Districts of Kentucky, and Circuit Judge Miller of the Court of Appeals for the Sixth Circuit. Thereafter, it appearing to Judge Ford and Judge Swinford that each of them should disqualify themselves to sit as members of the court in compliance with 28 U.S.C.A. § 455, they accordingly did so. Thereafter, Judge Hicks designated Circuit Judge Martin, of the Court of Appeals for the Sixth Circuit, and District Judge Druffel, of the Southern District of Ohio, to serve with Circuit Judge Miller, previously designated, as members of the court to hear and determine the proceeding. By agreement of parties, the case was argued to the 3-judge court so constituted at Covington, Kentucky, on October 11, 1950. Following the argument, it now stands submitted.

In brief, the petition alleges that the plaintiff is the owner of a farm in Scott County, Kentucky, upon which burley tobacco is grown; that for the year 1949, there was established for her farm a burley tobacco marketing quota of 1.8 acres; that there was ordered for the State of Kentucky for farms having a tobacco acreage allotment in excess of .9 acre a cut of 14.7% in burley tobacco acreage allotments,

and that as a result of said cut her tobacco acreage marketing quota was reduced from 1.8 acres in 1949 to 1.5 acres in 1950; that her burley tobacco quota for the year 1950 had been established at 1.5 acres; that she was dissatisfied with her farm marketing quota for the year 1950 and filed an application for review pursuant to the provisions of 7 U.S.C.A. § 1363; that the members of the Review Committee which heard her application are the defendants, H. M. Roseberry and Cecil Dunn, and a third member who subsequently died before action upon her application; that the members of the Review Committee held that the national marketing quota as proclaimed by the Secretary of Agriculture for the year 1950 was about 10% less than the 1949 quota, but that under existing legislation farms with allotments of .9 of an acre or less could not be reduced, and that in order to arrive at the 10% cut in the 1950 marketing quota it was necessary to reduce farming acreages, which could be reduced, by 15% because of the minimum provision of the Act; that the Review Committee denied her application and directed that the allotment remain at 1.5 acres as established in 1950; that the provisions of the Act of Congress prohibiting a reduction of burley tobacco allotment for .9 acre or less are invalid and contrary to the constitution of the United States; and that if it were possible to apply the same reduction to farms for allotments of .9 acre or less, the cut in the plaintiff's quota would not have exceeded 10% of her 1949 allotment instead of the 14.7% reduction actually ordered. The defendants, R. O. Wilson, M. C. Butler, H. B. Popplewell and Thomas P. Cooper, are the members of the state Production and Marketing Administration Committee for Kentucky,

which is the administrative body for the State of Kentucky appointed by the Secretary of Agriculture for the administration of the Agricultural Adjustment Act of 1938 in the State of Kentucky. The complaint prayed (1) that the court remand her application to the Review Committee with directions to establish an allotment for her farm for the year 1950 which would reflect a cut over her 1949 allotment of not more than 10%; (2) that the court determine the controversy between the plaintiff and the defendants as to whether or not the Act of Congress was unconstitutional; (3) that the court grant the plaintiff an injunction against the members of the State Production and Marketing Administration Committee restraining the enforcement of the Act of Congress prohibiting the reduction of allotments of .9 of an acre or less; (4) and that the court issue a mandatory injunction against the State Committee requiring them to recompute the acreage allotments for all farms in Kentucky and to order whatever cut that may be required to be applied to all farms in the State of Kentucky whether having an acreage allotment of more or less than .9 of an acre.

The defendants, Wilson, Butler, Popplewell and Cooper, moved to dismiss the action as to them, and that motion is considered first. These defendants contend that Sections 365 and 366 of the Agricultural Adjustment Act authorizes a proceeding in the district court against the Review Committee, being the other two defendants Roseberry and Dunn, but does not authorize any proceeding against these defendants as the members of the State Production and Marketing Administration Committee, 7 U.S.C.A. §§ 1365 and 1366[1]; and, that in any event, the injunctive relief

1. Section 1365. "If the farmer is dissatisfied with the determination of the review committee, he may, within fifteen days * * *, file a bill in equity against the review committee as defendant in the United States district court * * * for the purpose of obtaining a review of such determination. * * * Thereupon the review committee shall certify and file in the court a transcript of the record upon which the determination complained of

was made, together with its findings of fact."

Section 1366. "The review by the court shall be limited to questions of law, and the findings of fact by the review committee, if supported by evidence, shall be conclusive. * * * The court shall affirm the review committee's determination * * * if the court determines that the same is in accordance with law. If the court determines that such deter-

sought against these defendants cannot be granted as the Secretary of Agriculture is a necessary and indispensable party to the action. The plaintiff concedes that if this proceeding was merely a court review as provided by §§ 365 and 366 of the Act the members of the State Production and Marketing Administration Committee are not proper parties, but contends that the court review provided by a bill in equity against the Review Committee, as authorized by §§ 365 and 366 of the Act, is but one phase of the action; that as authorized by Rules 18 and 20 of the Federal Rules of Civil Procedure, 28 U.S.C.A., there has been joined in the case a declaratory judgment proceeding and an application for an injunction against these four defendants as members of the State Production and Marketing Administration Committee; and that in order to obtain this full three-way relief these defendants are proper and necessary parties to the action, without it being necessary to join the Secretary of Agriculture as an additional party defendant.

■■■ Rule 18(a) provides that the plaintiff may join either as independent or as alternate claims as many claims as he may have against an opposing party, and that subject to certain conditions there may be a like joinder of claims when there are multiple parties. This general rule of procedure, however, is met by a specific provision in § 367 of the Agricultural Adjustment Act, 7 U.S.C.A. § 1367, wherein in referring to the judicial proceedings under this part of the Act it provides—"Notwithstanding any other provision of law, the jurisdiction conferred by this Part to review the legal validity of a determination made by a review committee pursuant to this Part shall be exclusive. No court of the United States or of any State shall have jurisdiction to pass upon the legal validity of any such determination except in a proceeding under this Part." These provisions are clear and explicit. The method of attack on the validity of the allotment is exclusive. The jurisdiction of the District Court in providing the forum is not its general jurisdiction, but a limited one. As heretofore pointed out by Judge Ford of the Eastern District of Kentucky, in Larkin v. Roseberry, D.C., 54 F.Supp. 373, 375, one of the purposes of the restrictive language of § 367, was "to forbid any method of judicial review of the administrative findings other than by a direct proceeding against the Review Committee, thereby precluding indirect methods of securing such review by means of injunction suits against enforcement officers such as was resorted to in Shields v. Utah, Idaho R. Co., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111, or through the method of an action against the Government under the Tucker Act, * * *." In Smith Land Co. v. Christensen, 10 Cir., 148 F.2d 184, 185, the Court, in referring to such a judicial review under the Act, stated that such a court was not clothed with its ordinary jurisdiction, legal or equitable, but that "It was a special statutory proceeding in which jurisdiction extended only to review the action of the review committee." In such a special statutory proceeding the constitutionality of the statute involved can be questioned and adjudicated. Anniston Manufacturing Co. v. Davis, 301 U.S. 337, 345-346, 57 S.Ct. 816, 81 L.Ed. 1143; State of Oklahoma v. U. S. Civil Service Commission, 330 U.S. 127, 139, 67 S.Ct. 544, 91 L.Ed. 794. Such a grant by Congress of exclusive jurisdiction is valid and enforceable. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 48-50, 58 S.Ct. 459, 82 L.Ed. 638. We are of the opinion that this action is restricted by the statute to a proceeding against the Review Committee; that the additional attempt to invalidate the statute through a declaratory judgment proceeding and an application for an injunction are not authorized; and that accordingly the motion of the defendants Wilson, But-

---

mination * * * is not in accordance with law, the court shall remand the proceeding to the review committee with direction either to make such determination as the court shall determine to be in accordance with law or to take such further proceedings as, in the court's opinion, the law requires."

ler, Popplewell, and Cooper to dismiss the action as to them should be sustained.

With the proceeding thus limited to the statutory review and stripped of the application for an injunction, we are confronted with the question of the jurisdiction of this three-judge court to determine the controversy. Title 28 U.S.C.A. §§ 2282 and 2284(1) under which the court was designated, deals only with a proceeding in which an injunction is applied for to restrain the enforcement of an Act of Congress. International Ladies Garment Workers' Union v. Donnelly Garment Co., 304 U.S. 243, 250–251, 58 S.Ct. 875, 82 L.Ed. 1316. The case in its present status is not of that character. Although the validity of an Act of Congress is drawn in question, there is no application for an injunction, which is necessary for a hearing by a three-judge court. International Garment Workers' Union v. Donnelly Garment Co., supra, 304 U.S. at page 250, 58 S.Ct. 875. The statute is not applicable. The initial determination that a three-judge court is necessary, and the appointment of the Court, necessarily made before a hearing on the merits, is not final or conclusive. If it is later determined that the statute is not applicable the case must be heard by the District Court instead of by the three-judge court. International Ladies Garment Workers' Union v. Donnelly Garment Co., supra, 304 U.S. at page 252, 58 S.Ct. 875; Public Service Commission of Missouri v. Brashear Freight Lines, 312 U.S. 621, 625, 61 S.Ct. 784, 85 L.Ed. 1083; Cannonball Transp. Co. v. American Stages, D.C.S.D. Ohio, 53 F.2d 1050; Connecting Gas Co. v. Imes, D.C.S.D.Ohio, 11 F.2d 191; Connor v. Board of Commissioners, D.C.S.D. Ohio, 12 F.2d 789; Joyner v. Browning, D.C.W.D.Tenn., 30 F.Supp. 512.

The three judges designated by the Chief Judge of the Circuit to hear this case do now accordingly withdraw from the case, which will proceed in the District Court independently of the provisions of Title 28 U.S.C.A. §§ 2282 and 2284(1).