**Robert Larry DAVIS, Plaintiff,**

v.

**W. A. JOYNER, Alfred C. Hicks and W. F. Powell, Comprising the ASC Review Committee, Defendants.**

Civ. No. 551.

United States District Court
E. D. North Carolina,
Washington Division.

Nov. 5, 1964.

Robert D. Wheeler, Grifton, N. C., Robert Scott Langley, of Wallace & Langley, Kinston, N. C., for plaintiff.

Robert H. Cowen, U. S. Atty., by Gerald L. Bass, Asst. U. S. Atty., for defendants.

LARKINS, District Judge.

The plaintiff seeks to have this case remanded to the Superior Court of Pitt County, North Carolina, for trial and disposition. The action was first instituted in the Superior Court of Pitt County and the defendants, in apt time, removed it to this Court.

## FINDINGS OF FACT

The plaintiff originally instituted this action in the Superior Court of Pitt County on the 23rd day of May, 1964. The plaintiff sought a review of a decision by the defendant committee effecting the tobacco acreage on a farm owned by the plaintiff. On June 11, 1964, the defendant committee petitioned this court for removal of the action to this court under the provisions of Title 28 U.S.C. § 1441 et seq. On June 17, 1964, the plaintiff filed an answer to the defendants' petition and prayed that this Court remand the action to the Superior Court of Pitt County. The Court set this case for oral argument. The parties stipulated and agreed to waive oral arguments and have the matter heard on briefs. Both parties have since submitted briefs.

## CONCLUSIONS OF LAW

The identical question presently before this Court was also before it in the case of Vann v. Jackson, 165 F.Supp. 377 (E.D.N.C., 1959). In Vann the plaintiffs instituted an action in the Superior Court of Sampson County seeking a review of the determination made by the Local Review Committee. The proceeding was removed to the United States District Court upon the ground that it was a civil action of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). In Vann the plaintiffs argued that removal of the proceeding was precluded by Title 7 U.S.C. § 1367. The plaintiffs also argued that it was not a civil action of which the district courts of the United States have original jurisdiction. In the present case before this court, the plaintiff contends that Title 7 U.S.C. § 711.27 prohibits removal to the district court. It will be noted that Title 7 U.S.C. § 711.27 was repealed long before this action arose. The Court assumes that the plaintiff was referring to Title 7 U.S.C. § 1365 when he speaks of Title 7 U.S.C. § 711.27. Therefore, the question before this court is identical to that in Vann.

In Vann, Stanley, District Judge, held that:

> "It is concluded that where Congress has provided both a state and a federal forum, and has further provided for actions first brought in the state court to be removed to the federal court, no discretionary power exists to remand the case to the state court." Id. at 381.

As to the plaintiff's argument that the action was not of a civil nature over which the district courts of the United States have original jurisdiction, Judge Stanley stated:

> "The review proceeding provided by Section 365 of the Act is strictly ju-

dicial in nature. The court is empowered to determine only questions of law. It cannot in any way substitute its judgment for that of the review committee, nor make any administrative decision. Crolley v. Tatton, 5 Cir., 1957, 249 F.2d 908. Rather than provide for a continuation of any administration function, Section 365 of the Act, in providing for judicial review, delineates the point at which the administrative process ends, for the review provided is confined to a determination of legal issues by a judicial body. Certainly such a proceeding is a 'civil action' as the term is used in U.S. C.A. § 1441(a) * * *" Id. at 380.

Based upon the reasoning as stated above, Judge Stanley denied the motion to remand.

The exact question was also presented in Larkin v. Roseberry, 54 F.Supp. 373 (E.D.Ky., 1944). The court held that if one elects to bring his case within the purview of the removal statute, the fact that he might have preserved his choice of courts by doing otherwise is no ground for denying removal.

The plaintiff contends he had the right to bring the action in the state court. This contention is certainly correct. 7 U.S.C. § 1365. However, the plaintiff does concede that he could have brought the action in the United States District Court if he so desired.

The defendants contend that the District Court has original jurisdiction even though such original jurisdiction may be concurrent and that the action is founded on a claim or right arising under a law of the United States and that, as such, the action is removable to the District Court.

The court's authority to remand is found in Title 28 U.S.C. § 1447(c) and it provides the district court shall remand if "it appears that the case was removed improvidently and without jurisdiction." This is certainly not the case here.

Title 7 U.S.C. § 1365 vest concurrent jurisdiction in the state and federal courts. For this court to hold that the defendants could not remove the present action, it would have to ignore the plain language of Title 28 U.S.C. § 1441(a). This the court refuses to do. This Court is of the opinion that the case of Buckles v. Morristown Kayo Co., 132 F.Supp. 555 (E.D.Tenn., 1955) is directly in point and well reasoned. In that case the court was concerned with the removal of a case under the Fair Labor Standards Act. That Act has a provision concerning jurisdiction very similar to Title 7 U.S.C. § 1365. The Court in Buckles stated:

"In the Fair Labor Standards Act, this Court finds no language that can fairly be construed as destroying removability. The words 'may be maintained in any court of competent jurisdiction', remove any objection that might have arisen to exercise of jurisdiction by state courts, the effect being concurrent jurisdiction as between state and federal courts. Those words give to a plaintiff his choice of forum. They do not, however, guarantee that his choice shall remain undisturbed. As the claim he asserts is a federal one, his choice is subject to being upset by the defendant. 28 U.S.C. § 1441 (b). The Fair Labor Standards Act does not expressly provide otherwise, as it could have done by declaring that actions commenced in state courts shall not be removed." Id. at 556.

The same reasoning applies in this case. If Congress did not want cases brought under Title 7 U.S.C. § 1365 removed to federal courts, it could have said so. This court will not do it by implication and ignore the meaning of Title 28 U.S.C. § 1441.

Therefore, the plaintiff's motion to remand is denied. A decree will be entered in accordance with the findings of fact and conclusions of law as stated above.