**Anthony F. JACOBI, Plaintiff,**

v.

**HIGH POINT LABEL, INC., and Fleming-Potter Company, Inc., Defendants.**

**No. C-77-460-G.**

United States District Court,
M. D. North Carolina,
Greensboro Division.

Dec. 30, 1977.

Norman B. Smith, Greensboro, N. C., for plaintiff.

Thornton H. Brooks and M. Daniel McGinn, Greensboro, N. C., for defendants.

## MEMORANDUM ORDER

GORDON, Chief Judge.

This matter is before the Court for a determination of the plaintiff's motion to remand this case to state court. For the reasons which follow, the Court concludes that the motion should be denied.

On August 25, 1977, the plaintiff instituted this action against the defendants in the Guilford County Superior Court pursuant to the provisions of the Age Discrimination in Employment Act of 1967. 29 U.S.C. § 621, *et seq.* In substance, the plaintiff alleges that the defendants dismissed him from his job on account of his age in violation of 29 U.S.C. § 623(a)(1). For relief, the plaintiff asserts that he is entitled to injunctive relief, damages and liquidated damages. Later, on September 23, 1977, the defendants caused this action to be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a). On October 6, 1977, the plaintiff filed a motion to remand this case to state court. Accordingly, this matter is now before the Court for an appropriate disposition of the plaintiff's motion to remand.

In support of his motion to remand, the plaintiff contends that this action is not removable under section 1441(a) or any other provision of the United States Code. On the other hand, the defendants assert that the removal of this action is specifically authorized by the explicit language of 28 U.S.C. § 1441(a). Therefore, the narrow issue before the Court for determination is whether an age discrimination action, originally brought in state court, is the proper subject of removal under section 1441(a). With respect to this issue of removability, the parties agree that the cases in other jurisdictions are in hopeless conflict. Neither the Supreme Court nor the Fourth Circuit Court of Appeals have ever ruled on this narrow question.

█ As previously stated, this is an action brought under the Age Discrimination Act. Section 626(b) of the Act specifically provides that "[t]he provisions of this chap-

ter shall be enforced in accordance with the powers, remedies, and procedures provided in sections . . . 216 . . . and subsection (c) of this section." Subsection (c) of section 626 states that "[a]ny person aggrieved *may bring* a civil action *in any court of competent jurisdiction* . . .." [emphasis added]. Section 216(b) further provides that an "[a]ction to recover such liability *may be maintained* against any employer (including a public agency) *in any Federal or State court* of competent jurisdiction . . . .." [emphasis added]. Accordingly, the plaintiff could have originally instituted this action in either state or federal court. Clearly, therefore, this Court has original jurisdiction in this matter even though such original jurisdiction may be concurrent with that of the state courts. *Owens v. Greenville News-Piedmont,* 43 F.Supp. 785, 786 (W.D.S.C.1942); *Vann v. Jackson,* 165 F.Supp. 377, 379 (E.D.N.C. 1958); *Davis v. Joyner,* 240 F.Supp. 689, 691 (E.D.N.C.1964).

In determining whether a civil action brought in a state court of which the federal district courts have original jurisdiction is the proper subject of removal to federal court, this Court is obliged to follow the provisions of 28 U.S.C. § 1441(a). Section 1441(a) provides, in part, that "[e]xcept as otherwise *expressly* provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants . . . .." [emphasis added], 28 U.S.C. § 1441(a). It necessarily follows without need of extended explanation, that the only types of civil actions subject to the provisions of section 1441(a) are those which are subject to the concurrent original jurisdiction of both the federal and state courts. Such a situation exists under the Age Discrimination Act and the enforcement provisions of the Fair Labor Standards Act. 29 U.S.C. § 626(c); 29 U.S.C. § 216(b). Accordingly, pursuant to the provisions of section 1441(a), this Court should retain jurisdiction over this matter absent some express declaration by Congress to the contrary.

■ With respect to the question of removability under the Age Discrimination Act, the Court is unable to find any decisions bearing directly on the issue. However, there are numerous cases arising under the Fair Labor Standards Act which have attempted to resolve the issue of removability under the FLSA. These cases are in hopeless conflict with each other and the issue has been addressed on only one occasion at the appellate level. In *Johnson v. Butler Bros.,* 162 F.2d 87, 89 (8th Cir. 1947), the court concluded that the inclusion of the word "maintain" in section 216(b) of the FLSA evidenced an intent on the part of Congress to deny removability. However, this conclusion was reached only after the court had made a painstaking effort to determine what Congress had intended by the use of the term "maintain" in the enforcement provisions of section 216(b). The court stated that this unfortunate situation " . . . is attributable to the failure of Congress [to] clearly and accurately to express its intent." *Johnson, supra.* In any event, less than a year after the *Johnson* decision, Congress amended section 1441(a) to provide that civil actions may be removed "[e]xcept as otherwise expressly provided by Act of Congress . . . .." 28 U.S.C. § 1441(a). Accordingly, in view of the *Johnson* court's specific statement that Congress had failed to "clearly and accurately" express its intent as to the removability of cases arising under the FLSA, it would appear that Congress has, by the amendment of section 1441(a), expressed its clear intent to allow removal "except as otherwise expressly provided."

Subsequent to the 1948 amendment to section 1441(a), few courts have continued to follow the *Johnson* rationale that the use of the term "maintain" in section 216(b) constitutes an express provision against removal under the FLSA. Those which have, seem to follow the *Johnson* reasoning. *Wilkins v. Renault Southwest, Inc.,* 227 F.Supp. 647 (N.D.Tex.1964); *Carter v. Hill & Hill Truck Line, Inc.,* 259 F.Supp. 429 (S.D.Tex. 1966). In contrast to the pre-1948 cases denying removal, the growing majority of

cases have not found any express bar to the removal of FLSA actions to federal court and, therefore, have concluded that removal is permissible under section 1441(a). E. g., *Hill v. Moss-American, Inc.,* 309 F.Supp. 1175 (N.D.Miss.1970); *Barrett v. McDonald's of Oklahoma City,* 419 F.Supp. 792 (W.D.Okl.1976). Moreover, one district court within the Eighth Circuit has, subsequent to the 1948 amendment to section 1441(a), specifically departed from the Eighth Circuit's pre-1948 rule of nonremovability in FLSA actions. *Niswander v. Paul Hardeman, Inc.,* 223 F.Supp. 74, 76 (E.D. Ark.1963).

Within the Fourth Circuit, there is one district court decision bearing directly on the issue of removability under the FLSA. Although this decision was announced prior to the 1948 amendment to section 1441(a), the Court believes that its reasoning is still sound today. In *Owens v. Greenville News-Piedmont,* 43 F.Supp. 785 (W.D.S.C.1942), the court, in considering whether the use of the term "maintain" in section 216(b) was intended to prevent removal, concluded that FLSA actions could be properly removed to federal courts under the provisions of the Removal Act. In discussing the propriety of removal in FLSA cases, the court stated, that "[i]f Congress had intended to prevent the removal of causes arising under the Wage and Hour law, it would have used language more pertinent to that end." *Owens, supra* at 789. Additionally, in *Vann v. Jackson,* 165 F.Supp. 377 (E.D.N.C.1958), Judge Stanley, in his discussion of removal under the FLSA, stated that any dispute as to the removal of an action brought under the FLSA was laid to rest in favor of removal by the 1948 amendment to section 1441(a). *Vann, supra* at 379. The *Vann* decision was later cited with approval in *Davis v. Joyner,* 240 F.Supp. 689 (E.D.N.C. 1964).

Further support for the conclusion that suits brought under the Age Discrimination Act are subject to the removal provisions of section 1441(a) is found in the language of the Act itself. Section 626(c) provides that "[a]ny person aggrieved *may bring* a civil action in any court of competent jurisdic-

tion . . . ." [emphasis added]. The use of the term "may bring" seemingly precludes the adoption of the plaintiff's strained interpretation of the term "maintained" from the FLSA. However, Congress has further complicated the language in section 626(c) by employing the enforcement provisions of the FLSA to actions arising under the Age Discrimination Act. In any event, the Court concludes, that pursuant to the provisions of 28 U.S.C. § 1441(a), that the defendant had the right to remove this action to this Court. There is nothing in the provisions of the FLSA or the Age Act which could support the conclusion that Congress has expressly provided for the nonremovability of an Age Discrimination suit originally instituted in state court.

Clearly, Congress intended for a person aggrieved by a violation of the Age Discrimination Act to have the right to bring his action in state court. However, inasmuch as this Court has original jurisdiction over suits arising under the Age Discrimination Act, there is no sound reason why the defendant cannot disturb the plaintiff's choice of forums by an appropriate motion under 28 U.S.C. § 1441(a). As much as it is the duty of this Court to decline jurisdiction over a case when jurisdiction is lacking, it is equally the duty of this Court to accept and retain jurisdiction over those matters which have been so designated by Congress. Accordingly, the Court concludes that the plaintiff's motion to remand should be denied.

## ORDER

IT IS ORDERED that the plaintiff's motion to remand be, and the same is hereby, denied.