Henry O. EAGLEBURGER and Joseph L. Foell, Plaintiffs-Appellants,

v.

CITY OF SPRINGFIELD, Missouri, and Don G. Busch, City Manager of the City of Springfield, Missouri, and William Penland, Fire Chief for the City of Springfield, Missouri, Defendants-Respondents.

No. 12968.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 17, 1984.

Douglas W. Greene, III, Springfield, for plaintiffs-appellants.

Howard C. Wright, Jr., Springfield, for defendants-respondents.

HOGAN, Judge.

Plaintiffs, former members of the Springfield, Missouri, Fire Department, brought this action in the Circuit Court of Greene County, claiming that they were retired from service in violation of 29 U.S.C.A. §§ 621–34, The Age Discrimination in Employment Act of 1967, as amended, (ADEA). Plaintiffs averred, inter alia, that

the defendant city's "policy and practice" of requiring fire fighters to retire at age 60 was facially discriminatory and violated the ADEA; they further alleged that the city's action in requiring them to retire violated the equal protection and due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States. Plaintiffs prayed an injunction against the city's action; reinstatement; an award of backpay; damages and attorney's fees as provided by the ADEA; and for general relief. The defendant city pleaded and proved General Ordinance No. 1218, § 15, which compels retirement of members of the police and fire departments at age 60, subject to certain discretionary exceptions not material here. The City prayed a declaratory judgment finding the ordinance valid. Upon trial without a jury, the court found all issues for the defendant. The trial court appended a 20-page opinion to its judgment, including 46 separate findings of fact and conclusions of law. This memorandum has been most helpful, and we have made use of it, although we shall refrain from setting it forth at length.

■ The only real question presented to this court, in our view, is the question of jurisdiction. H.R.Rep. 805, 90th Cong., 1 Sess, reprinted in 1967 U.S.Code Cong. & Ad.News 2213, 2215–19, stated that "Section 14 [now Chapter 14, 29 U.S.C.A.] provides for concurrent Federal and State actions ...." Section 7 of the original act, now 29 U.S.C.A. § 626(c), provided and now provides that "[a]ny person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter ...."

Because the ADEA is *not* part of Title VII of the Civil Rights Act of 1964, but is part of the Fair Labor Standards Act, the federal courts have had a difficult time deciding whether the ADEA should be enforced in a state or federal forum. Recent-

ly, it was concluded by a district court in North Carolina, that:

"Clearly, Congress intended for a person aggrieved by a violation of the Age Discrimination Act to have the right to bring his action in state court. However, inasmuch as this Court has original jurisdiction over suits arising under the Age Discrimination Act, there is no sound reason why the defendant cannot disturb the plaintiff's choice of forums by an appropriate motion under 28 U.S.C. § 1441(a)."

*Jacobi v. High Point Label, Inc.*, 442 F.Supp. 518, 521 (M.D.N.C.1977). The United States Court of Appeals for the Fifth Circuit adopted the views expressed by the North Carolina court in *Baldwin v. Sears, Roebuck and Co.*, 667 F.2d 458, 459–60[1][2] (1982), holding that jurisdiction of the federal and state courts was *concurrent*. The trial court therefore had jurisdiction of the cause. We note that the conditions precedent to filing suit under the ADEA, prescribed by 29 U.S.C.A. § 626(d), were complied with before the action was commenced.

■ A further question, not briefed by either party, is whether jurisdiction of the appeal is here or in our Supreme Court. Mo. Const. Art. V, § 3, as amended in 1976, read:

"The supreme court shall have exclusive appellate jurisdiction in all cases involving the *validity* of a treaty or *statute* of the United States, or of a statute or provision of the constitution of this state, the construction of the revenue laws of this state, the title to any state office and in all cases where the punishment is imposed death or imprisonment for life. The court of appeals shall have general appellate jurisdiction in all cases except those within the exclusive jurisdiction of the supreme court." [1] (Emphasis ours.)

In this case, neither party has questioned the validity of the ADEA; no statute is involved, only an ordinance, and the constitutional questions raised, though they were

1. The notice of appeal in this case was filed *before* Art. 5 § 3 was amended in 1982.

decided, only involve the application of established constitutional principles. We conclude on the authority of *State ex rel. Payton v. City of Riverside*, 640 S.W.2d 137, 139[1] (Mo.App.1982), and *Caesar's Health Club v. St. Louis County*, 565 S.W.2d 783 (Mo.App.1978), cert. denied 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (1978), that jurisdiction of the appeal is in this court. Because Missouri has no statute comparable to the ADEA, we apply the federal law. The court is firmly held and bound by the United States Supreme Court's construction of the ADEA; it is not bound by constructions placed upon the statute by other federal courts. This is not to say that we do not look respectfully to the decisions of the federal courts for guidance; we do. Cf. *Hanch v. K.F.C. Nat. Management Corp.*, 615 S.W.2d 28, 33[6] (Mo. banc 1981), 24 A.L.R.4th 1100 (1981).

Having thus determined that the trial court had subject-matter jurisdiction, and, with some reservation, that we have appellate jurisdiction and having ascertained the ground rules for applying the statute and decisional law, we would recite the evidence and apply the law as we understand it—*if* we intended our decision to be a precedent. We most emphatically do not, however, and it is sufficient to state the precedent upon which we rely. In *Johnson v. Mayor and City Council of Baltimore*, 731 F.2d 209 (1984), reh. denied June 24, 1984, the United States Court of Appeals for the Fourth Circuit undertook a gloss upon principles interstitially suggested in the majority opinion in *Equal Employment Opportunity Commission v. Wyoming*, 460 U.S. 226, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983). *Johnson* not only answers all the contentions advanced by the appellant plaintiffs; the logic of the majority, in our view, is irrefutable. Upon the authority of *Johnson*, we affirm the trial court's judgment pursuant to Mo.R.Civ.P. 84.16(b).

MAUS, P.J., and PREWITT, J., concur.