Grant CROLLEY, Erwin Zabel and Charles S. Brown, in their capacities as members of the Statutory Review Committee, Department of Agriculture of the United States, Appellants,

v.

J. Meredith TATTON, Appellee.

No. 16554.

United States Court of Appeals Fifth Circuit.

Dec. 10, 1957.

Rehearing Denied Jan. 9, 1958.

Malcolm R. Wilkey, U. S. Atty., Sidney Farr, Asst. U. S. Atty., Houston, Tex., for appellants.

Austin C. Wilson, Houston, Tex., Conde N. Anderson, Victoria, Tex., Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., Stofer, Proctor, Houchins & Anderson, Victoria, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

RIVES, Circuit Judge.

Appellee sought judicial review[1] of the amended determination of the Statutory Review Committee for Refugio

---

1. Under 7 U.S.C.A. § 1365,
"If the farmer is dissatisfied with the determination of the review committee, he may, within fifteen days after a notice of such determination is mailed to him by registered mail, file a bill in equity against the review committee as defendant in the United States district court, or institute proceedings for review in any court of record of the State having general jurisdiction, sitting in the county or the district in which his farm is located, for the purpose of obtaining a review of such determination. Bond shall be given in an amount and with surety satisfactory to the court to secure the United States for

County, Texas, denying appellee a cotton acreage allotment for 1956.[2]

Appellee agrees that appellants' brief presents an adequate history of the case as follows:

"Appellee's wife owns a large tract of land called Salt Creek Ranch, located in Refugio and Aransas Counties, Texas. It is undisputed that prior to 1956 no one had been planting cotton on this land. Accordingly, under the provisions of 7 C.F.R. § 722.717(e) (3) (ii), Appellee early in 1956 filed with the Agricultural Stabilization and Conservation Committee an application for an allotment for a new cotton farm. The county committee denied his application, whereupon Appellee appealed to the Review Committee for Refugio County, an administrative tribunal composed of three local farmers appointed by the Secretary of Agriculture under 7 U.S.C. § 1363 to review and pass upon administrative appeals from the determinations of the county committee.

"After the first hearing on May 18, 1956, the Review Committee found that Appellee met the necessary qualifications and granted him a cotton acreage allotment of 1697.5 acres for the year 1956. Thereafter, on motion of the Secretary of Agriculture under 7 C.F.R. § 711.29, the Review Committee reopened the hearing. After the second hearing on June 22, 1956, the Review Committee met on July 13, 1956, to deliberate and reach a decision. Certain agents of the Department of Agriculture were present at this meeting and discussed the case with the committeemen, following which they were excused, while the Committee reached a decision in private. Neither Appellee nor his attorneys had been notified of this meeting. After this conference, the Committee set aside its first determination and entered an amended determination denying Appellee any allotment at all on the grounds that he was not the 'operator' of the farm on which an allotment was sought and that he was not largely dependent on income from the farm for his livelihood.

"Appellee thereupon filed suit in the District Court under 7 U.S.C. §§ 1365 for a judicial review of this amended determination. After hearing the trial court entered judgment vacating the amended determination of the Review Committee on the ground that the manner in which it was reached was basically unfair to Appellee. The Court then remanded the cause to the Review Committee with directions for it to reinstate its original findings, conclusions and determination of May 18, 1956."

Appellants do not question the correctness of the district court's decision that the Review Committee's amended findings, conclusions and determination of July 13, 1956 were reached in an unfair manner. Their sole specification of error is that:

"The District Court erred in directing the Review Committee to reinstate its original decision of May 18, 1956, instead of merely remanding the cause to the Review Committee for reconsideration and formulation of an independent determination in accordance with lawful administrative procedure."

the costs of the proceedings. The bill of complaint in such proceeding may be served by delivering a copy thereof to any one of the members of the review committee. Thereupon the review committee shall certify and file in the court a transcript of the record upon which the determination complained of was made, together with its findings of fact."

2. On inquiry from the district court as to whether the case is moot, counsel replied in the negative because the history of the 1956 allotment would affect allotments for future years.

■■ There has been, and can be, no question as to the validity of the administrative action in reopening the hearing.[3] Nor did the appellee contend that there was anything unfair in the taking of testimony at or the conduct of the second administrative hearing of June 22, 1956. The improper conduct occurred when members of the Review Committee met on July 13, 1956 and discussed the case with certain agents of the Department of Agriculture in the absence of and without notice to the appellee or his attorneys. Because of that misconduct, it is not questioned that the district court properly vacated the amended determination which denied appellee a cotton acreage allotment for 1956. It by no means follows, however, that the Committee should be directed to reinstate its original findings, conclusions and determination.

At each administrative hearing the disputed issues have been whether the appellee was the "operator" of the farm as defined by 7 C.F.R. § 722.712(k), that is, the person in charge of the supervision and conduct of the farming operations, and whether he was "largely dependent on income from the farm for his livelihood" so as to qualify for a cotton acreage allotment for a new farm under 7 C.F.R. § 722.717(e) (3) (ii). The terms of the written leases between appellee and his lessees offered in evidence in the first hearing before the Review Committee would support, though they might not require, an administrative conclusion that appellee was not the operator, the real supervisor, of the farm. Additional evidence to support that conclusion was offered on the second hearing before the Review Committee, and there was also substantial evidence that appellee was not "largely dependent on income from the farm for his livelihood."

■■ The duty and power of making findings of fact are entrusted to the Review Committee, and, if supported by substantial evidence on the record as a whole, its findings are conclusive. The review by the district court is limited to questions of law. 7 U.S.C.A. § 1366.[4] Appellee insists that the district court

3. 7 C.F.R. § 711.29 authorizing the Review Committee to reopen hearings reads as follows:

"7 C.F.R. Section 711.29. Reopening hearing. The review committee (a) on its own motion, or upon due application therefor, may, within fifteen days from the date of mailing to the applicant of a copy of the determination of the review committee, reopen the hearing for the purpose of taking additional evidence or of adding any relevant matter or document, and (b) upon application by the Secretary of Agriculture or on his behalf by the Assistant Administrator for Production, Production and Marketing Administration, made for any purpose within a period of sixty days from the date of mailing to the applicant of a copy of the determination of the review committee, shall reopen the hearing."

4. "§ 1366. *Court review*

"The review by the court shall be limited to questions of law, and the findings of fact by the review committee, if supported by evidence shall be conclusive. If application is made to the court for leave to adduce additional evidence, and it is shown to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for failure to adduce such evidence in the hearing before the review committee, the court may direct such additional evidence to be taken before the review committee in such manner and upon such terms and conditions as to the court may seem proper. The review committee may modify its findings of fact or its determination by reason of the additional evidence so taken, and it shall file with the court such modified findings or determination, which findings of fact shall be conclusive. At the earliest convenient time, the court, in term time or vacation, shall hear and determine the case upon the original record of the hearing before the review committee, and upon such record as supplemented if supplemented, by further hearing before the review committee pursuant to direction of the court. The court shall affirm the review committee's determination, or modified determination, if the court determines that the same is in accordance with law. If the court determines that such determination or modified determination is not in accordance with law, the court shall remand the proceeding to the review committee with direction either to make such determination as the court shall determine

simply remanded the proceeding "with * * * direction to make such determination as the court shall determine to be in accordance with law" as authorized by that section. Clearly, however, the quoted phrase, when construed in connection with the other parts of the section, vested no original fact finding functions in the court. In directing the Review Committee to reinstate its original findings, conclusions and determination, the district court intruded upon the domain which had been exclusively entrusted to the administrative agency. Compare Securities and Exchange Commission v. Chenery Corporation, 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626; Federal Power Commission v. Idaho Power Company, 344 U.S. 17, 20, 21, 73 S.Ct. 85, 97 L.Ed. 15.

That part of the judgment of the district court vacating the amended findings of fact, conclusions and determination made by the Review Committee on July 13, 1956 is not attacked and is affirmed, but that part of said judgment remanding the proceeding to the Review Committee with directions to reinstate its original findings, conclusions and determination of May 18, 1956 is reversed, and, instead, the district court is directed to remand the proceeding to the Review Committee for that Committee's reconsideration of the reopened hearing in connection with the evidence introduced at the hearing of June 22, 1956, and any additional evidence that may be properly offered, and for the formulation by the Review Committee of its independent determination in accordance with lawful administrative procedure.[5]

Affirmed in part, and in part reversed and remanded with directions.

to be in accordance with law or to take such further proceedings as, in the court's opinion, the law requires." 7 U.S. C.A. § 1366.

5. The terms of two members of the Review Committee who took part in the

improper discussion have expired. Upon oral argument, counsel for the appellants assured the Court that in the event of a remand none of the members of the original Review Committee would participate in the reconsideration of the proceeding.