Henry Timmons **DIGHTON**, Plaintiff,

v.

James **COFFMAN**, Joe V. Harmon, and E. W. Hartwig, as the Review Committee for Platt County, Illinois, appointed by the Secretary of Agriculture, pursuant to the provisions of the Agricultural Adjustment Act of 1938, as amended, Defendants.

No. 1648–D.

United States District Court
E. D. Illinois.

Aug. 31, 1959.

---

Robert P. Shankwiler, Monticello, Ill., for plaintiff.

Casper Murphy, Dept. of Agriculture, Chicago, Ill., for defendant.

PLATT, Chief Judge.

■ This cause was remanded to the Review Committee on June 30, 1959 for more full and complete findings of fact and conclusions, for the reason that "the Review Committee failed to make sufficient findings of fact and conclusions therefrom setting forth the reasons or basis therefor upon which this court [could] determine whether or not the Review Committee found there was a substantial change in the crop-rotation on the plaintiff's farm to bring him with- in the regulation § 728.917(c) (iv) [1] and that the regulation was properly applied." On August 10, 1959, the Review Committee filed "Additional Findings of Fact and Conclusion" that plaintiff was not entitled to an adjustment of 1959 wheat acreage allotment as a result of a substantial change in the established crop-rotation system for plaintiff's farm. Mr. Dighton filed objections thereto on the same date. Plaintiff has not filed a second bill in equity against the Review Committee for review in accordance with 7 U.S.C.A. § 1365. There is some question as to whether or not there should be a second bill in equity to review the decision of the Review Committee. The Review Committee could, upon the remanding, have granted Mr. Dighton complete relief. However, this court will treat the additional findings of fact and conclusion as though it were here on appeal without the necessity of another bill in equity by the plaintiff.

■ The additional findings of fact are obviously supported by substantial evidence in the transcript and cannot be set aside. Crolley v. Tatton, 5 Cir., 1958, 249 F.2d 908, certiorari denied 356 U.S. 966, 78 S.Ct. 1005, 2 L.Ed.2d 1073. Based upon these facts, the conclusion of the Review Committee, that there was no substantial change in the crop-rotation system, is now sufficiently clear for the court to determine that the regulation was properly construed. The construction of the regulation by the Review Committee must be given "controlling weight unless it is plainly erroneous * * *." Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700. This court is convinced that the Review Committee has now legally determined this question.

Further findings of fact, conclusions of law and final order affirming the decision of the Review Committee may be submitted.

1. § 728.917(c) (iv) appears on page 10 of opinion filed June 4, 1959 [D.C., 178 F.Supp. 114, on page 123].