Graham F. HOWARD, Plaintiff,

v.

Thomas W. ALLEN, Jr., Clarence L. Jones and E. J. Yancey, a Review Committee, etc., Defendants.

Civ. A. No. 2069.

United States District Court
E. D. North Carolina,
Raleigh Division.

May 24, 1968.

Robert H. Jones, of Morgan & Williams, Lillington, N. C., for plaintiff.

Robert H. Cowen, U. S. Atty., Eastern District of North Carolina, Raleigh, N. C., and Gerald L. Bass, Asst. U. S. Atty., Raleigh, N. C., for defendants.

## ORDER

HEMPHILL, District Judge.

This action was initiated by the plaintiff pursuant to 7 U.S.C. § 1365 [1] of the Agricultural Adjustment Act. He seeks review of the determination of the review committee appointed by the Secretary in accordance with 7 U.S.C.A. § 1366.[2] This committee consists of the named defendants. The review committee upheld the determination of the Harnett A. S. C. County Committee which reduced the 1967 flue-cured tobacco acreage allotment and farm marketing quota for plaintiffs farm No. E-2886 by the amount of flue-cured tobacco acreage allotment and farm marketing quota which had been contributed to the flue-cured tobacco acreage allotment for the farm in 1965 by lands which the county committee determined should not have been combined with plaintiff's farm.

The Harnett A. S. C. County Committee, upon its review, found the following:

On March 18, 1965, the County Committee approved a combination of FSN–E3009a consisting of 14 acres cropland and 4.84 acres tobacco allotment with land in FSN–E2886 on the basis of information furnished by Graham F. Howard that he owned and operated all of the land included in the newly constituted farm, E2886. In the spring of 1967, it came to the attention of the County Committee that Graham F. Howard and wife con-

---

1. § 1365. If the farmer is dissatisfied with the determination of the review committee, he may, within fifteen days after a notice of such determination is mailed to him by registered mail or by certified mail, file a bill in equity against the review committee as defendant in the United States district court, or institute proceedings for review in any court of record of the State having general jurisdiction, sitting in the county or the district in which his farm is located, for the purpose of obtaining a review of such determination. Bond shall be given in an amount and with surety satisfactory to the court to secure the United States for the costs of the proceeding. The bill of complaint in such proceeding may be served by delivering a copy thereof to any one of the members of the review committee. Thereupon the review committee shall certify and file in the court a transcript of the record upon which the determination complained of was made, together with its findings of fact.

2. § 1366. The review by the court shall be limited to questions of law, and the findings of fact by the review committee, if supported by evidence, shall be conclusive. If application is made to the court for leave to adduce additional evidence, and it is shown to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for failure to adduce such evidence in the hearing before the review committee, the court may direct such additional evidence to be taken before the review committee in such manner and upon such terms and conditions as to the court may seem proper. The review committee may modify its findings of fact or its determination by reason of the additional evidence so taken, and it shall file with the court such modified findings or determination, which findings of fact shall be conclusive. At the earliest convenient time, the court, in term time or vacation, shall hear and determine the case upon the original record of the hearing before the review committee, and upon such record as supplemented if supplemented, by further hearing before the review committee pursuant to direction of the court. The court shall affirm the review committee's determination, or modified determination, if the court determines that the same is in accordance with law. If the court determines that such determination or modified determination is not in accordance with law, the court shall remand the proceeding to the review committee with direction either to make such determination as the court shall determine to be in accordance with law or to take such further proceedings as, in the court's opinion, the law requires.

veyed the 14 acres in farm 3009a on May 12, 1965 in part to Wolf-Summitt Coal Company and the remainder to W. A. Watkins. A further review of this case disclosed that the land in the farm formerly identified as 3009a is located in Wake County, N. C., and had been transferred to Harnett County in 1964 because of the alleged purchase of the land by Irvin T. Ellen and wife, Gladys Mae Ellen, from William A. Watkins and J. G. Poole by deeds dated April 14, 1964. The investigation made by a Department of Agriculture representative at the request of the County Committee disclosed that the Wake County land was not farmed in the years 1962–1965 and that part of the land is used as an access to a golf course in the Raleigh area. The County Committee determined that the real transaction which had been entered into by Graham F. Howard was the purchase of a tobacco allotment; that the land in question was not operated by Graham F. Howard and that the land should be divided from other lands owned and operated by Graham F. Howard effective for the 1965 program year.

Section 719.3 of Regulations Governing Reconstitution of Farms and Allotments requires that farms be reconstituted when found to be not properly constituted.

In the plaintiff's application for review dated May 10, 1967, he stated that he bought an option on the property subsequently purchased. He stated that the option was purchased in September of 1964 but the deed was not recorded until January of 1965. He later stated that he purchased the land in September of 1964 and sold it in May of 1965 with the understanding that he would operate the farm in 1965 and with the further understanding that no allotments would be sold and that the land would be for commercial use only.

A hearing was held before the review committee on August 29, 1967. On October 9, 1967 it rendered a decision giving the following findings and conclusions:

## FINDINGS OF FACT

Applicant signed Form ASCA–155 on February 10, 1965, requesting that 14 acres of land, all of which was cropland, identified on Harnett County ASCS records as Farm 3009a, be combined with other land owned and operated by him under Serial No. E2886. The form showed that applicant owned and operated the 14 acres of land in Farm 3009a. The reconstitution was approved on March 18, 1965, and the 5.10 acres of tobacco allotment for Farm 3009a was added to the 1965 tobacco allotment for Farm E2886. Farm 3009a remained in combination with Farm E2886 for the year 1966. Farm 3009a consisted of four tracts of land, two tracts containing 5.15 acres and 5.88 acres, respectively, located in Barton Creek Township, Wake County, North Carolina, and two tracts containing .52 acre and 2.70 acres, respectively, located in White Oak Township, Wake County, North Carolina. The 5.15 acre tract and the 5.88 acre tract were conveyed by applicant and his wife to William A. Watkins and wife by deed dated May 12, 1965, recorded in Book 1667, Page 163, Wake County Registry. The .52 acre tract and the 2.70 acre tract were conveyed by applicant and his wife to Wolf-Summit Coal Company by deed dated May 12, 1965, recorded in Book 1667, Page 58, Wake County Registry. The conveyances were not reported to the County Office, and the County Office employees did not know that the land had been conveyed until the spring of 1967. The Harnett County Committee on April 24, 1967, divided the Wake County land from applicant's farm E2886 on a contribution basis and notified applicant of the action taken.

The Wake County land had been transferred to Harnett County at the request of Irvin Ellen, who allegedly purchased the same from William A.

Watkins and J. G. Poole by deeds dated April 14, 1964. Ellen executed two deeds of trust to Howard Manning, Trustee, covering the land, one in the sum of $12,880.00 on the White Oak Township property and the other in the amount of $44,120.00 on the Barton Creek Township property. These deeds of trust were canceled on January 20, 1965. Applicant executed deeds of trust to Howard Manning, Trustee, covering the same land and in the same amounts. Applicant's deeds of trust were dated January 11, 1965, payable November 1, 1965, and canceled September 22, 1965.

Option dated September 25, 1964, submitted by applicant as evidence that he had agreed in the fall of 1964 to purchase the land from Ellen for the sum of $14,000.00 identified the land covered by the option by reference to the book and page of the recordation of two deeds from Ellen and wife to applicant and wife dated January 11, 1965, recorded January 20, 1965, in Book 1626, Pages 474–477. Applicant has never seen the land located in Barton Creek Township. One of the two tracts located in White Oak Township has a roadway through it and heavy equipment used in connection with the McGregor Downs golf course was on the property during and prior to the time title to the tract was held by applicant. The other tract in White Oak Township is surrounded on three sides by land under other ownership and on the fourth side by a high embankment.

Land cannot be constituted as a farm under existing regulations unless it is all operated by one person and is nearby and easily accessible. A farm must be reconstituted if the county committee determines that the tracts of land included in a farm are not being operated as a single farming unit. No farming operations were carried out on the Wake County land in the years 1964, 1965, and 1966.

## CONCLUSIONS

We conclude that the applicant was not the operator of the Wake County land included in his farm as a result of the reconstitution approved on March 18, 1965, and that the Wake County tracts of land were not being operated with applicant's Harnett County land as a single farming unit. We conclude, moreover, from the circumstances presented in this case that the real transaction which was entered into by applicant was a purchase of a tobacco allotment not permitted by the regulations. Section 719.3 of Regulations Governing Reconstitution of Farms, Allotments, and Bases required that the Wake County land be separated from other land owned and operated by applicant. The allotment contributed by the Wake County land to the total allotment for Farm E3886 was properly divided therefrom on a contribution basis.

The plaintiff filed his complaint on October 30, 1967 in the Superior Court of Harnett County.[3] It was removed to the district court on November 27, 1967.

The court finds that the review committee has complied with the requirements that it file with the court a transcript of record upon which the determination complained of was made.

It is unquestionable that this court has two basic principles by which it must abide:

(1) The review by the court shall be limited to questions of law, and the findings of fact by the review committee, if supported by evidence, shall be conclusive. 7 U.S.C. § 1366. See Crolley v. Tatton, 249 F.2d 908 (C.A. 5 1958), certiorari denied, 356 U.S. 966, 78 S.Ct. 1005, 2 L.Ed.2d 1073; Luke v. Review Committee, 155 F.Supp. 719 (D.C.La.1957), where this provision of the law has been considered and applied; and,

3. He was given an extension of time in order to perfect his appeal.

(2) A reviewing court should not substitute its views on the construction and application of the regulations for those of the agency charged with administering the program unless the interpretation and application of the regulations in and to a particular case is so unreasonable, arbitrary, or capricious that the court must conclude that the administrative action was unlawful. Dighton v. Coffman, 179 F.Supp. 682 (E.D.Ill.1959); Mills v. Toppert, 185 F.Supp. 160 (S.D.Ill. 1960). Williamson v. Holland, 232 F.Supp. 479 (E.D.N.C.1963) at 481.

The Agricultural Adjustment Act of 1938, as amended, provides for the apportionment of crop allotments to farms through local committees of farmers on the basis of guides specified in the Act and the regulations of the Secretary of Agriculture. The Secretary is authorized by the Act (7 U.S.C. § 1375(b)) to issue regulations.

The Act provides that farm marketing quotas (acreage allotments) may be transferred only in such manner and subject to such conditions as the Secretary may prescribe by regulations (7 U.S.C. § 1313(d)). The Act (7 U.S.C. § 1378) also provides for the pooling of the allotment of a farm acquired by any Federal, State, or other agency having the right of eminent domain and for the transfer of the allotment to other farms owned by the displaced owner. The transfer by lease for the years 1962 through 1969 of a tobacco acreage allotment (other than a burley tobacco acreage allotment) from one farm to another within the same county is authorized by Title 7, United States Code, Section 1314b. No other provisions are contained in the Act for the transfer of flue-cured tobacco acreage allotments.

Section 719.3, Regulations Governing Reconstitution of Farms, Allotments, and Bases, (29 F.R. 13370), defines the term, "farm," and prescribes the conditions under which the county committee must take action to reconstitute a farm either by division or combination. Section 719.4 of said regulations gives a brief explanation of provisions such as ownership, operation, accessibility and nearness, and the productiveness of different tracts which must be taken into consideration by the county committee in determining what land should be included in a farm. Section 719.5 authorizes the county committee to initiate action to reconstitute a farm or to take such action upon the request of a farm owner or the operator of the farm. Section 719.7 of said regulations directs the county committee to reconstitute farms as soon as it is determined that the land areas are not properly constituted and, to the extent practicable, to base the reconstitution on the facts and conditions existing at the time the change requiring the reconstitution occurred.

The plaintiff counters with the contention that 7 C.F.R. 719(j) controls the present situation. It is contended that this regulation would allow the owner of a tract of land transferred from the parent farm to direct the county committee to divide the allotments for the farm in the manner designated by the owner of the parent farm.

The plaintiff further contends that after this regulation was added he was approached by Watkins who offered to purchase two of the tracts and by Wolf-Summit Coal Company who offered to purchase two of the other tracts of land.

Neither the Act nor the regulations issued by the Secretary under the Act permit the permanent transfer of a tobacco allotment from one farm to another farm. The Secretary's regulations authorize a county committee, under prescribed conditions, to combine all land owned and/or operated by one person into one farm and to combine all allotments and quotas allocable to such land into one allotment or quota. When the farm is properly combined, the operator may plant any part of the allotment thus determined on any tract or part of the farm.

Plaintiff on February 10, 1965, presented two deeds from Irvin T. Ellen to show that he was the owner of 14 acres of land acquired from Ellen and requested a division of the Irvin Ellen farm E3009

into two farms, E3009 containing 28 acres of farmland and 13 acres of cropland owned and operated by Irvin Ellen and E3009a containing 14 acres of farmland, all of which was cropland, owned and operated by Graham F. Howard. The request was on Form ASCS–155, Data for Reconstitution, (Reconstitution No. 65–178, Review Committee Record), and was approved by the county committee on March 18, 1965. On the same date in February plaintiff filed a request on Form ASCS–155 for the combination of farm E3009a with other land which he owned and which was identified on Harnett ASC County records as farm E2888 (Reconstitution No. 65–179, Review Committee Record). The combination was approved on March 18, 1965.

The County Office Manager testified that the Harnett County Committee learned in the spring of 1967 that plaintiff and his wife had conveyed the Wake County land in May of 1965 to W. A. Watkins and Wolf-Summitt Coal Company and requested that D. R. Moody investigate the transaction. Mr. Moody, a representative of the State ASC Committee, testified that Irvin Ellen, the alleged seller of the land to plaintiff, told him that he did not buy any land but only the tobacco allotment. Mr. Moody's investigation disclosed that the Wake County land consisted of four tracts, two in Barton Creek Township, Wake County, North Carolina, and two in White Oak Township, Wake County, North Carolina. He determined that one of the tracts in White Oak Township was surrounded on three sides by land covered with pine trees, not owned by plaintiff, and on the fourth side by a high embankment. He determined that the other tract in White Oak Township was used as an entrance to a golf course and that heavy equipment was kept on this tract prior to and during the time plaintiff held title to the tract. The property in Barton Creek Township had never been seen by Mr. Ellen or by plaintiff.

The county committee stated in its answer that it determined that the real transaction which had been entered into by Graham F. Howard was the purchase of a tobacco allotment. Plaintiff offered, as evidence of his good faith purchase of the land, an option which he stated he entered into with Irvin Ellen on September 25, 1964. The option identified the land covered by the option by reference to two deeds, one recorded in Book 1626, Page 474 and the other recorded in Book 1626, Page 476, Wake County Registry. The review committee found that the recordation data referred to in the option is for the two deeds from Ellen and wife to plaintiff and wife, each dated January 11, 1965, and recorded January 20, 1965.

■ A county committee, in order to combine farmland as one farm in accordance with Section 719.3 of the regulations referred to above, must find that all of the tracts of land to be included in the farm are close enough together so that they will be operated as a single farming unit, that the land is all operated by one person, and that it is all owned by one person or that the conditions specified in the instructions for non-owned land are made. The county committee must determine that the operator will be in general control of the farming operations on the farm in the program year. The Harnett ASC County Committee determined that the March 18, 1965, combination which it had made could not be allowed to stand and divided the farm and the allotment for said farm on the basis of facts and conditions existing on March 18, 1965. The review committee agreed with the county committee that the division was required and that the allotment which the Wake County land had contributed to the combination should be divided from the allotment for plaintiff's farm.

■ The court cannot help but be impressed by the transaction which occurred prior to resale of the land by the plaintiff. The original owners who sold the property to Ellen were the purchasers from the plaintiff. The entire transaction occurred in a short period of time and is strong evidence of the fact that a purchase of tobacco allotment and not a purchase of land was the real transaction.

The court therefore finds that the decision of the review committee was based on substantial evidence and that the land was properly reconstituted in accordance with the Agricultural Adjustment Act and the applicable regulations.

And it is so ordered.