David **PHILLIPS**, Jr., Plaintiff,

v.

Lee **Roy SIMPSON** et al., Defendants.

No. 381.

United States District Court,
E. D. Kentucky,
Frankfort Division.

Feb. 6, 1973.

Leonard K. Nave, Versailles, Ky., Allen, Duncan & Arnold by John W. Morgan, Lexington, Ky., for plaintiff.

Eugene E. Siler, Jr., U. S. Atty., by Moss Noble, Asst. U. S. Atty., Lexington, Ky., for defendants.

## MEMORANDUM

SWINFORD, District Judge.

The relevant facts in this case are not in dispute. On April 13, 1968, Lingenfelter Investments, Inc., agreed with plaintiff and John T. Mitchell, Jr., as cotenants, to lease portions of a farm consisting of 2,642 acres and designated

"farm A–174" by the Owen County A.S. C.S. Office. By the terms of the lease, the tenants were to have exclusive control and possession of all land not devoted to commercial use, but not less than 200 acres and adequate barn space. Subsequently, Lingenfelter merged with American Pyramid Companies, Inc. and Mitchell assigned his interest to plaintiff.

In 1967, the landlord commenced construction of a golf course, lake and residential development on farm A–174. The area devoted to commercial use, which was clearly demarcated, consisted of approximately 323 acres. As a result of this development, farm A–174, which in 1970 contained 2,534 acres of farmland, 1,039 acres of cropland and an 18.-38 acre tobacco base, was reconstituted and divided by the Owen A.S.C.S. The effect of this action was the creation of farm A–4024, with 2,210.5 acres of farmland, a tobacco base of 14.49 acres and marketing quota of 43,127 pounds.

Claiming that the reconstitution was improper and the new tobacco allotment inaccurate, the plaintiff applied for review pursuant to 7 U.S.C. § 1363. The review committee denied the appeal, whereupon this action was commenced under 7 U.S.C. § 1365.

Before examining the plaintiff's allegations, the function of this court, as outlined in 7 U.S.C. § 1366, should be restated:

"The review by the court shall be limited to questions of law, and the findings of fact by the review committee, if supported by evidence, shall be conclusive."

In applying this standard, findings on the part of the agency vested by statute with initial authority should not be casually displaced:

"A reviewing court should not substitute its views on the construction and application of the regulations for those of the agency charged with administering the program unless the interpretation and application of the regulations in and to a particular

case is so unreasonable, arbitrary, or capricious that the court must conclude that the administrative action was unlawful." Howard v. Allen, E. D.N.C., 287 F.Supp. 894, 898 (1968).

Plaintiff's argument can be summarized in two propositions: (a) The lease and subsequent commercial development did not warrant reconstitution; (b) The allotment resulting from the committee's action was, as compared with similar farms in the area, unduly low. Generally, 7 C.F.R. section 719.3(d) of the regulations requires a reconstitution of a previously identified farm when the prevalence of certain conditions or changed circumstances alters the elements giving rise to the initial determination. Two provisions in this section are relevant to the facts of this case:

"(d) *Required reconstitutions.* A reconstitution of a farm either by division or by combination shall be required whenever:

(1) A change has occurred in the operation of the land after the last constitution or reconstitution and as a result of such change the farm does not meet the conditions for constitution of a farm as set forth in paragraph (b) of this section

. . . .

\* \* \* \* \* \*

(5) The county committee determines that the tracts of land included in a farm are not being operated as a single farming unit."

Turning first to subsection (1), it is obvious that the commercial development has wrought a change in the operation of the land; further inquiry reveals that as a result of this change, farm A–174 no longer meets the conditions for constitution of a "farm", defined in 7 C.F.R. section 719.3(b) as "includ[ing] all land operated by one person which is nearby and easily accessible . . ." The identification of a land area as a "farm" depends upon whether the various elements making up its definition are satisfied. When farm A–174 was *originally constituted,* the committee applied these definitional ele-

ments to the tracts in question and decided that this 2,642 acres, taken together, constituted one "farm" and not a number of smaller "farms". Several of the elements originally relied upon to denote this area a "farm" are no longer present; in their absence, the acreage comprising this tract is no longer one "farm", but several "farms".

■ The first element of the definition states that a "farm" consists of "all land operated by one person . . ." In originally constituting farm A–174, it was decided that since this 2,642 acres was being operated by one person, it constituted a "farm". Presently, the total acreage representing farm A–174 is not being operated by one person. It is true, as claimed by plaintiff, that the portion of this area being operated as a farm is under the control of one individual; however, one person is not operating the 2,642 acres comprising farm A–174. Since this element has ceased to exist, this tract no longer satisfies the regulatory definition of a "farm".

While the absence of the first factor is alone sufficient for reconstitution, the second part of the definition is also unsatisfied: a farm consists of land which is "nearby and easily accessible . . ." The detailed explanation of this phrase in 7 C.F.R. section 719.4(e) reveals that this element should be considered by inquiring whether

"(1) The farm labor and machinery are or could be freely interchanged during the period when normal farming operations are in progress; (2) the cropping pattern or land uses will be such as to reflect a single farming unit."

It will be noted that the "single farming unit" principle is found in both this provision and in section 719.3(d)(5). Since it is both an element of the definition of "farm" and a condition the nonfulfillment of which requires reconstitution, the cessation of operation as a "single farming unit" provides dual grounds for the committee's action.

■ The 2,642 acres making up farm A–174 is no longer being operated as a single farming unit as it was prior to the severance of 323 acres for commercial development. Plaintiff's assertion that this concept is satisfied by reason of his operation of the *remaining* land as a "single farming unit" ignores the plain meaning of this section. The essential aspect of this element is that the total area comprising a "farm" be operated as a single farming unit. The operation of only a portion of this acreage indicates that the total area making up farm A–174 is no longer a single farming unit. When confronted with these alterations in the elements relied upon to originally constitute farm A–174, the committee simply created two farms to reflect the actual conditions prevailing on that land.

Considerable attention is devoted to the assertion that this farm should not have been reconstituted because legal ownership had not changed hands. Defendant argues that ownership has been transferred, because its essential components, possession and control, have passed to another. Entanglement with this concept is unnecessary since cessation of operation as a single farming unit or failure to satisfy the regulatory definition of a "farm" justifies reconstitution.

■■ Plaintiff also claims that reconstitution was improper in view of the provision in the lease stating that lessees have the exclusive right to agricultural production. It is settled that agreements between the parties are not dispositive of the correct allotment. Williamson v. Holland, E.D.N.C., 232 F. Supp. 479 (1963). While the regulations permit, under certain circumstances, a division of allotments as stipulated by the parties to a sale of land, there is no indication in the record that plaintiff has complied with the requirements set out for such a reallocation. 7 C.F.R. section 719.8(b).

■ To support his contention that the new allotment is inadequate, plaintiff alleges only that similar farms in the area enjoy a larger tobacco base. In Wright v. Darnell, E.D.Ky., 205 F.

Supp. 277, 279 (1962), this court ruled that

"(t)he mere fact that the Plaintiff finds himself at some comparative inequality with other farms of his locality when considered upon the basis of percentage of crop land, it is not illegal if it is in accord with valid regulations imposed by law to fill a need which Congress found to exist."

Plaintiff has not cited any regulation violated or improperly applied by the committee in determining the size of his allotment; it is therefore apparent that he has not satisfied his burden of

"demonstrating that the findings of the county committee have no basis in the law or regulations which are valid under the law." Edwards v. Owens, E.D.Mo., 137 F.Supp. 63, 66 (1955).

The regulation governing allotments exemplifies the discretion granted to a local agency in a decision of this sort. 7 C.F.R. section 719.8. This court is not inclined to disturb those findings in the absence of more specific allegations or indications of error.

For the reasons stated, the findings of the review committee are affirmed.