REVIEW COMMITTEE, composed of F. O. Blair et al., duly appointed by the U. S. Secretary of Agriculture, etc., Appellant,

v.

Edward L. GLADNEY, Appellee.

No. 21845.

United States Court of Appeals Fifth Circuit.

Jan. 12, 1966.

---

Alan S. Rosenthal, Frederick B. Abramson, Attys., Dept. of Justice, John W. Douglas, Asst. Atty. Gen., Edward L. Shaheen, U. S. Atty., Washington, D. C., for appellant.

James L. Dennis, Hudson, Potts & Bernstein, Monroe, La., for appellee.

Before JONES and THORNBERRY, Circuit Judges, and SLOAN, District Judge.

PER CURIAM:

The appellee, Edward L. Gladney, brought an action in the district court to review the action of the appellant Review Committee in determining Gladney's 1964 allotment for cotton production acreage. As is shown by the opinion of the district court,[1] the County Committee had at its disposal something over 8,000 acres for allotment to correct inequities and to prevent hardship under 7 U.S.C.A. § 1344(f) (3). The Committee determined that every farm in the parish was an inequity and a hardship case, and apparently gave no consideration to the requirements of the Acreage Allotment Regulations[2] relating to the allotment of inequity and hardship acreage. It allotted nearly 8,000 of the acres among all of the farms on a ratable basis, setting aside 204 acres to adjust special hardship cases. The district court held, and correctly we think, that the ratable allotment was not the making of adjustments for inequities or hardships. We disagree with the district court that the appellee became entitled to an inequity and hardship allotment upon clearing additional land and making it available for planting. It is our view that the availability of additional land for planting may be considered in making of allotments but is only one factor and not necessarily a controlling one. Edwards v. Owens, E.D.Mo.1955, 137 F.Supp. 63. We conclude that, under the peculiar situation here shown, which is one not likely to recur, there is no reversible error in the district court's judgment. We therefore affirm its judgment but with the caveat that the increased allotment resulting from and required by its judgment is not binding as a basis for future allotments. The motion to dismiss the appeal for mootness is denied. The judgment is

Affirmed.

---

1. Gladney v. Review Committee, 230 F. Supp. 35.

2. Any acreage from the county reserve and any allocation to the county from the State reserve to correct inequities and prevent hardship may be used by the county committee for making adjustments in farm allotments to correct inequities and to prevent hardship, taking into consideration for the farm the acreages planted to cotton in the farm base years, the land, labor, and equipment available for the production of cotton; crop-rotation practices; the soil and other physical facilities, affecting the production of cotton; and abnormal conditions or production and any other factors for correcting inequities and preventing hardship. 7 C.F.R. 722.201(c) (4).