Edward L. **GLADNEY**

v.

**REVIEW COMMITTEE**, Composed of **Harvey H. Howington, Jr., Harry E. Mock, and William Yerger, duly appointed by the United States Secretary of Agriculture pursuant to the Agricultural Adjustment Act of 1938, as amended.**

**Civ. A. No. 11945.**

United States District Court
W. D. Louisiana,
Monroe Division.

Aug. 16, 1966.

James L. Dennis, Hudson, Potts & Bernstein, Monroe, La., for plaintiff.

Edward L. Shaheen, U. S. Atty., and Edward V. Boagni, Asst. U. S. Atty., Shreveport, La., for defendants.

## OPINION ON MOTIONS FOR SUMMARY JUDGMENT

BEN C. DAWKINS, Jr., Chief Judge.

This case arises under the Agricultural Adjustment Act of 1938 (hereinafter referred to as the Act) as amended (7 U.S.C. § 1281 et seq.), jurisdiction of this Court being specifically provided by 7 U.S.C. § 1365.

Our review of the administrative record is limited to questions of law, and the findings of fact by the Review Committee are conclusive if supported by substantial evidence. 7 U.S.C. § 1366; Chandler v. David, 350 F.2d 669 (5 Cir. 1965), cert. denied 382 U.S. 977, 86 S.Ct. 548, 15 L.Ed.2d 469; Crolley v. Tatton, 249 F.2d 908 (5 Cir. 1958); Davis v. Joyner, 240 F.Supp. 689 (D.C.

N.C.1964); Gladney v. Review Committee, 230 F.Supp. 35 (D.C.La.1964); Kephart v. Wilson, 219 F.Supp. 801 (D.C. Tex.1963).

The actions of the Review Committee here challenged by the petitioner are fruits of previous litigation over his cotton allotment. Thus initially, in order to place the case in perspective, a chronological review is necessary for proper disposition.

In Gladney v. Review Committee, 230 F.Supp. 35 (D.C.La.1964), we held that the County and Review Committees had abused their discretion by improperly using the county reserve acreage and by failing to adjust petitioner's cotton allotment by taking into consideration the factors prescribed by 7 U.S.C. § 1344(e) and (f) (3). As authorized by 7 U.S.C. § 1366, we remanded the case for a new determination by the Review Committee not inconsistent with our opinion.

On April 23, 1964, the Review Committee issued a revised determination, increasing petitioner's 1964 allotment to 141 acres, but attaching a rider providing that the order of this Court was subject to appeal. On June 15, 1964, the Review Committee appealed the decision to the United States Court of Appeals for the Fifth Circuit.

When it became necessary for the County Committee to issue the 1965 cotton allotments, the appeal was still pending, and petitioner was issued an allotment notice for 141 acres in accordance with the Review Committee's revised determination of April 23, 1964. Under 7 U.S.C. § 1344 (f) (8), this allotment was properly based on the farm acreage allotment for the immediately preceding year. Since the appeal remained undecided when the 1966 allotments were being determined and issued, the County Committee issued to petitioner a notice of his cotton allotment for 1966 of 141 acres on November 10, 1965.

On January 12, 1966, an opinion affirming this Court's decision was issued. Review Committee v. Gladney, 354 F.2d 990 (5 Cir. 1966). Since the last three sentences of that per curiam opinion ignited the flame of the present controversy, it may be advisable to quote them here:

" * * * We therefore affirm its judgment but with the caveat that the increased allotment resulting from and required by its judgment is not binding as a basis for future allotments. The motion to dismiss the appeal for mootness is denied. The judgment is affirmed." Review Committee v. Gladney, 354 F.2d 990, 991 (5 Cir. 1966).

After receiving a letter from the Director of the South Central Area, ASCS, Washington, D. C., advising him of the actions which should be taken as a result of the opinion of the Court of Appeals, the State Executive Director transmitted a copy of that letter to the Morehouse Parish County Office, and advised the County Committee of the steps which should be taken for a downward revision of petitioner's cotton allotment for 1966.

March 10, 1966, petitioner and his tenant executed an Intention to Participate and Payment Application for the 1966 Upland Cotton Program establishing a farm domestic allotment of 91.6 acres based on the acreage allotment of 141 acres and establishing the price support and diversion payment rates per acre for the farm. Advance diversion payments to petitioner and his tenant were initially approved by the County Committee March 10, 1966.

March 17, 1966, the Morehouse Parish County Office received through the State Committee advice by the Area Director that the Court of Appeals' decision would not be appealed and that the revised cotton acreage allotment should be issued. March 18, 1966, the County Committee issued to petitioner a revised notice of his 1966 cotton allotment, reducing it from 141 acres to 39.6 acres (his allotment before the 1964 revised allotment issued pursuant to the order of this Court). The County Committee, however, not only reduced the previously issued 1966 allotment, but also retro-

actively reduced the allotments of 141 acres in 1964 and 1965 to 39.6 acres.

Under 7 U.S.C. § 1363, petitioner appealed timely to the Review Committee on March 30, 1966, asking for reinstatement of his 141-acre allotment.

April 8, 1966, the County Committee issued more revised notices of allotment, allocating five additional acres to the farm from the county reserve, and 11.4 acres from release and reapportionment acreage.

April 13, 1966, the Review Committee determined that the revised allotments of March 18 and April 8 were correct, but since imposition of the revised allotments for 1966 at such a late date would cause undue hardship for the petitioner and his tenant, it reinstated the 141-acre 1966 allotment and held that the revised allotments would be used as the farm base for establishing the 1967 allotment.

As provided by 7 U.S.C. § 1365, petitioner filed an appeal of the determination of the Review Committee in this Court. Cross-motions for summary judgment have been filed.

Petitioner contests the legality of the revised allotments on the following grounds:

(1) That the determinations of his 1964–1966 allotments had become final under 7 U.S.C. § 1363, and in the absence of express congressional authority, the County Committee did not have the power to revoke the determinations and substitute therefor new determinations;

(2) That the caveat in the decision of the Court of Appeals did not order a reduction of his allotments for 1964–1966 since the decision merely affirmed the judgment of the District Court without reversing and remanding the case as is required under 7 U.S.C. § 1366;

(3) That the action of the County Committee pursuant to the decision of the Court of Appeals denied him due process of law since its determination was secretly made without notifying him; and

(4) That the County Committee was improperly influenced by the Area and State Director.

*(1)*

Of course, petitioner's first contention will be considered here without reference to the decision of the Court of Appeals and its applicability to the controversy, which will be discussed infra. Under 7 U.S.C. § 1363 a farmer who is dissatisfied with the determination of the County Committee may have that determination reviewed by the local Review Committee. Unless application for review is made within fifteen days after mailing of the notice required by § 1362, the determination by the County Committee "shall be final." [1] Petitioner contends that since no application for review was filed after the revised determination of 1964 and the original determinations of 1965 and 1966, these determinations are final as to the administrative agency as well as the farmer. Defendant, however, contends that the finality provision merely bars any appeal by the farmer and does not preclude correction and revision of allotments by the administrative agency.

■ It seems well settled that the County Committee, as an administrative agency, cannot retroactively revise allotments without an express congressional grant of such power. Civil Aeronautics Board v. Delta Air Lines, 367 U.S. 316, 81 S.Ct. 1611, 6 L.Ed.2d 869 (1961); United States v. Seatrain Lines, 329 U.S. 424, 67 S.Ct. 435, 91 L.Ed. 396

1. 7 U.S.C. § 1363 provides: "Any farmer who is dissatisfied with his farm marketing quota may, within fifteen days after mailing to him of notice as provided in section 1362 of this title, have such quota reviewed by a local review committee composed of three farmers from the same or nearby counties appointed by the Secretary. Such committee shall not include any member of the local committee which determined the farm acreage allotment, the normal yield, or the farm marketing quota for such farm. Unless application for review is made within such period, the original determination of the farm marketing quota shall be final."

(1947); Pan American Petro. Corp. v. Pierson, 284 F.2d 649 (10 Cir. 1960), cert. denied 366 U.S. 936, 81 S.Ct. 1661, 6 L.Ed.2d 848.

In Chandler v. David, 350 F.2d 669 (5 Cir. 1965), cert. denied 382 U.S. 977, 86 S.Ct. 548, 15 L.Ed.2d 469, the Court permitted the reconsideration and subsequent cancellation of an approval of a farmer's transfer of his cotton allotment. However, the Court noted there that Amendment 11 to 7 C.F.R. § 719.12 permitted the reconsideration only in a relatively limited situation where the transfer had been obtained by misrepresentation or fraud.[2]

▮ Thus the administrative agency, as well as the farmer, is prohibited from re-opening proceedings unless an appeal has been filed timely under § 1363 or there is an allegation of fraud or misrepresentation permitting the invocation of 7 C.F.R. § 719.11(f) (6) (formerly contained in Amendment 11 to 7 C.F.R. § 719.12). Since in this case there was no appeal filed from the revised determination of 1964 or the original determinations of 1965 and 1966, and there is obviously no issue of fraud or misrepresentation, the determinations were final as to both the administrative agency and the farmer. It does not follow, however, that the Court of Appeals should have dismissed the Committee's appeal on the basis of mootness since petitioner had already planted and harvested the 1964 crop. Although the Court gave no reasons for its denial of the motion, the case was not moot since 1964 would be used as a base year for establishing the allotment for the 1965 cotton crop.[3]

*(2)*

In order to facilitate discussion of the application of Review Committee v. Gladney, 354 F.2d 990 (5 Cir. 1966) to the present controversy, we will separately investigate the two main aspects of that opinion (a) the affirmance of this Court's decision regarding petitioner's cotton allotment for 1964, and (b) the effect of the caveat by the Court of Appeals concerning petitioner's future cotton allotments.

(a) There exists no doubt that the Court of Appeals affirmed this Court's decision with regard to petitioner's 1964 allotment.[4] Although the Court expressed disagreement with the view that a farmer becomes entitled to an inequity and hardship allotment merely upon clearing additional land and making it available for planting, our decision had not been based on that view. We had ruled that the County and Review Committees had failed to take into consideration *any* of the factors prescribed by the Act in its distribution of reserve acreage for the correction of inequities and hardships.[5]

▮ Since the Court of Appeals affirmed our decision insofar as petitioner's 1964 cotton allotment was concerned, it follows that the County Committee, and the Review Committee in affirming the County Committee, were without authority to revoke the revised determination for 1964 and substitute a new determination. It is our conclusion, therefore, that the County and Review Committees committed errors of law by such a revocation and substitution.

(b) Under the Act and the regulations,[6] the County Committee used the

---

2. Chandler v. David, 350 F.2d 669, at 675 (5 Cir. 1965), cert. denied 382 U.S. 977, 86 S.Ct. 548, 15 L.Ed.2d 469.

3. See, e. g., Review Committee Venue VII, Commodity Stabilization Service, United States Dept. of Agri. v. Willey, 275 F.2d 264 (8 Cir. 1960), cert. denied, 363 U.S. 827, 80 S.Ct. 1597, 4 L.Ed.2d 1522.

4. Review Committee v. Gladney, 354 F.2d 990, 991 (5 Cir. 1966). The Court said:

"We conclude that, under the peculiar situation here shown, which is one not likely to recur, there is no reversible error in the district court's judgment. We therefore affirm its judgment * * *"

5. Gladney v. Review Committee, 230 F. Supp. 35, 38 (D.C.La.1964).

6. 7 U.S.C. § 1344(f) (8); Reg. § 722.-211(a) (3) (i); 28 F.R. 11041.

revised allotment for 1964 of 141 acres as a basis for determining petitioner's allotments in 1965 and 1966. Thus petitioner was granted an allotment of 141 acres for each of those years. In affirming the judgment of this Court increasing petitioner's 1964 allotment, the Court of Appeals did so "with the caveat that the increased allotment resulting from and required by its judgment is not binding as a basis for future allotments." [7] As a direct result of this caveat, the County Committee, acting on instructions and advice by the Area and State Directors, determined that petitioner's allotments for 1964–1966 should be reduced to 39.6 acres. The Review Committee postponed the effectiveness of the reduction until the issuance of the 1967 allotments since its imposition at such a late date in 1966 would cause petitioner and his tenant undue hardship.

■ Thus the question for our determination is whether, as a matter of law, the Court of Appeals ordered a reduction of the 1964–1966 allotments. The question has already been answered negatively insofar as the 1964 allotment is concerned. We conclude that a negative answer is also required concerning the 1965–1966 allotments, since we feel that the Court's reference to "future allotments" was to those allotments which would be determined *after* the effectiveness of its decision, i. e., 1967 and thereafter. By the caveat, the Court rendered inoperative 7 U.S.C. § 1344(f) (8), which would *require* an allotment of 141 acres for 1967. If the Court had intended to order the County Committee to retroactively reduce the 1965–1966 allotments, it appears that it would have used more explicit language.

Petitioner contends that the caveat was not intended to apply to his case but was merely a warning to third parties who might clear additional land and make it available for cotton, hoping to receive an increased cotton allotment. We cannot accept such a narrow view of the caveat—the Court clearly refers to *the increased allotment required by our judgment* as not being binding as a basis for future allotments,[8] and the only increased allotment required by our judgment was petitioner's. Our judgment had expressly provided that "The 'marketing quotas' for other farms shall not be affected hereby. 7 U.S.C. § 1368."

■ Petitioner also contends that the Court of Appeals lacks the power under 7 U.S.C. § 1366 to substitute its own factual determination for that of the County and Review Committees. With this contention we cannot disagree,[9] but we hold that the caveat by the Court of Appeals did not intrude upon the fact-finding domain exclusively entrusted to the committees. The caveat itself was merely a modification of our judgment.

■ Petitioner also contends that under § 1366 the authority of the Court is limited to deciding whether the determination of the Review Committee was in accordance with the law, and if the Court finds errors of law, its only course is to remand the case. Petitioner further argues that if the case is not remanded, the Court of Appeals has no authority to modify the judgment of the District Court. Under 28 U.S.C. § 2106,[10] United States v. Illinois Surety Co., 226 F. 653 (CCA7, 1915), and its progeny,[11] the power of the Court of Appeals to *modify* a judgment of the Dis-

---

7. Review Committee v. Gladney, 354 F.2d 990, 991 (5 Cir. 1966).

8. Ibid.

9. Crolley v. Tatton, 249 F.2d 908 (5 Cir. 1958), cert. denied 356 U.S. 966, 78 S.Ct. 1005, 2 L.Ed.2d 1073; Davis v. Joyner, 240 F.Supp. 689, 691 (D.C.N.C.1964).

10. 28 U.S.C. § 2106 provides: "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set side or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."

11. See, e. g., Niagara Fire Ins. Co. v. Bryan & Hewgley, 195 F.2d 154 (6 Cir. 1952); Hunt v. Seeley, 115 F.2d 205

trict Court lawfully before it without reversing or remanding the case is well-established. The burden of these authorities overcomes petitioner's interpretation of the language of § 1366.

It is our legal determination that the Court of Appeals did not order a reduction of the 1964–1966 allotments to petitioner but did modify the judgment of this Court by providing that the increased allotment required by our judgment is not binding for future allotments beginning with allotments for the year 1967.

(*3*)

 Petitioner's contention that he was denied due process of law when the County Committee revised his cotton allotment without notifying him of their deliberations until his cotton allotment was revised is without merit. There is no requirement in the Act or the regulations that the County Committee consult with a farmer before establishing a farm allotment.

(*4*)

 Assuming as correct petitioner's contention that the Area and State Directors unduly influenced the action of the County Committee and that the Committee did not make an entirely independent determination, it is clear that this defect was cured by the *de novo* hearing before the Review Committee. Chandler v. David, 350 F.2d 669 (5 Cir. 1965), cert. denied 382 U.S. 977, 86 S.Ct. 548, 15 L.Ed.2d 469.

In summary, these are our legal determinations:

(1) That petitioner's revised 1964 and original 1965 and 1966 allotments were not ordered reduced by the decision of the Court of Appeals in Review Committee v. Gladney, supra;

(2) That as a consequence the County Committee, and the Review Committee in affirming the County Committee, acted without express congressional authority

(5 Cir. 1940); Southern Ry. Co. v. McKinney, 276 F. 772 (5 Cir. 1921); Thorpe

or court order when petitioner's allotments for 1964–1966 were reduced;

(3) That the "future allotments" referred to by the Court of Appeals are those allotments to be determined for the 1967 crop year and thereafter;

(4) That petitioner was not denied due process of law; and

(5) That assuming without deciding that the County Committee did not make an independent determination, the defect was cured by the *de novo* hearing before the Review Committee.

Thus both motions for summary judgment are denied and the case is remanded for a new determination by the Review Committee not inconsistent with this opinion.

v. National City Bank, 274 F. 200 (5 Cir. 1921).