Edward L. GLADNEY, Appellant,

v.

REVIEW COMMITTEE, composed of Harvey H. Howington, Jr., Harry E. Mock, and William Yerger, Appellees.

No. 24323.

United States Court of Appeals
Fifth Circuit.
July 21, 1967.

---

James L. Dennis and Hudson, Potts & Bernstein, Monroe, La., for appellant.

Alan S. Rosenthal, Howard J. Kashner, Nancy A. Wynstra, Attys., Dept. of Justice, Washington, D. C., Barefoot Sanders, Asst. Atty. Gen., Edward L. Shaheen, U. S. Atty., for appellees.

Before PHILLIPS,* THORNBERRY and DYER, Circuit Judges.

DYER, Circuit Judge.

By this appeal Gladney challenges the judgment of the District Court upholding the Review Committee's administrative determination that Gladney's cotton allotment base should be reduced from 141 acres to 39.6 acres in accordance with the Agricultural Adjustment Act of 1938, as amended.[1]  We affirm.

---

\* Of the Tenth Circuit, sitting by designation.

1.  7 U.S.C.A. § 1281 et seq.  The Act provides a statutory scheme for the limiting of cotton production by establishing acreage allotments at the national, state and county levels.  The county acreage allotments are distributed to the local farmers by a county committee.  7 U.S. C.A. § 1344(f).  These allotments may be adjusted (from a reserve acreage in

In the 1964 cotton allotment year, farm allotments for Gladney's parish were established on the basis of the preceding year's allotments.[2] The Committee discovered, however, that the parish allotment, not considering the parish reserve for adjustments and its portion of the state reserve for inequities and hardship cases, was not sufficient to make the 1964 allotments equal to the 1963 allotments. The Committee, therefore, determined to distribute the reserve acreage so that each farm in the parish received an increase in its 1964 allotment sufficient to bring this allotment up to the total of the 1963 allotment. The County Committee thereupon decided that every farm in the parish was an inequity or hardship case and allotted additional acreage to all farms from the parish's reserve acreage. The Committee, in making its reserve acreage allotment, did not consider the various factors as required by the statute,[3] but simply distributed it on the basis of a *pro rata* share of the 1963 allotments.

Gladney is the owner of a 1,000 acre farm with 520.7 acres of cropland. His cotton allotments from 1954 to 1963 ranged from 29 to 43 acres. He planted 100 per cent of his allotment each year. In 1963 Gladney's allotment was 39.6 acres and in 1964 the County Committee set it at the same acreage. The Review Committee upheld the 1964 allotment over Gladney's protests that the County Committee had not considered the inequities of his allotment prior to the 1964 *pro rata* distribution, based on the additional cropland he had cleared and the larger allotments of nearby farms of comparable size. Gladney sought review of this determination in the District Court.

The District Court held that both the County and the Review Committee had abused their discretion by determining that all farms in the parish were hardship cases and allotting the reserve acreage on a *pro rata* basis rather than by a consideration of the statutory factors. The Court further held that Gladney was a hardship case, noting that other farms in the area had an acreage allotment of 27 percent of their cropland, whereas Gladney had only an 8 percent allotment. The Court concluded that a 141 acre allotment to Gladney would rectify the inequity.[4] The case was remanded and the Review Committee, in compliance with the District Court's order, issued a revised allotment determination increasing Gladney's 1964 allotment to 141 acres. The Review Committee appealed the District Court's decision. While the appeal was pending it became necessary to issue the 1965 and 1966 cotton allotments, and, in accordance with the statutory mandate,[5] Gladney was allotted 141 acres for 1965 based upon his allotment for 1964, and the same acreage for 1966 on the basis of his 1965 allocation.

In 1966 this Court affirmed the District Court's decision that *pro rata* distribution to solve hardship and inequities was an incorrect method, but disagreed with the lower court's holding that Gladney was entitled to a hardship and inequity allotment because of the availability of additional land for planting, since this is one, but not necessarily the

the county) to prevent hardship and inequity after considering a combination of factors including land, labor, equipment available for cotton production, crop rotation practices and physical facilities affecting production. 7 U.S.C.A. § 1344(f) (3) and (6).

2. 7 U.S.C.A. § 1344(f) (8) provides in pertinent part: " * * * the Secretary shall, if allotments were in effect the preceding year, provide for the county acreage allotment for the 1959 and succeeding crops of cotton * * * to be apportioned to farms on which cotton has been planted in any one of the three years immediately preceding the year for which such allotment is determined, on the basis of the farm acreage allotment for the year immediately preceding the year for which such apportionment is made * * *."

3. See note 1, supra.

4. Gladney v. Review Committee, D.C.W.D. La.1964, 230 F.Supp. 35.

5. See note 2, supra.

controlling factor.[6] Notwithstanding this disagreement this Court affirmed the District Court because of " * * * the peculiar situation here shown, which is one not likely to recur, * * *." The Court added, however, that it was affirming "with the caveat that the increased allotment resulting from and required by its judgment is not binding as a basis for future allotments." [7]

The County Committee thereupon retroactively reduced Gladney's allotments for 1964, 1965 and 1966 to 39.6 acres. The Review Committee upheld the reduction as a base for future allotments to Gladney, but ruled that retroactive disposition of the reduced allotments would cause a hardship to Gladney and that the reduced base should not be employed until the 1967 allotment was issued.

Gladney again appealed to the District Court, claiming that his 1964, 1965 and 1966 allotments were final and must stand and that they must serve as the basis for his 1967 allotment. The District Court held that the 1964–1966 allotments of 141 acres were final as to all parties and that the Committee should not have retroactively reduced them, but that this Court's opinion did not bind the Committee in fixing Gladney's 1967 allotment.

Gladney urges that the caveat in our prior opinion [8] does not apply to his future allotments but was intended merely as a warning of the peculiar factual circumstances underlying the decision for, if it were construed to mean that the Committee can disregard Gladney's 141 acre allotment in determining his 1967 allotment, this Court would be rendering inoperative 7 U.S.C.A. § 1344(f) (8) which requires that a farmer's allotment be based upon his allotment for the preceding year. By so doing, Gladney argues, this Court would be performing a legislative function in violation of the doctrine of Separation of Powers.

Refined to its essence, Gladney's position is that the effect of the Review Committee's compliance with the District Court's order pending this Court's decision on appeal was to fix 141 acres as the base for *all* future allotments. We hold this to be clearly untenable.

■ This Court, having held in 1966 that Gladney was not entitled to have his 1964 allotment increased to 141 acres out of the hardship and inequity reserve, could have reversed the District Court's judgment. This was not done because the 1964 planting and harvesting season had become history, but this did not affect our conclusion that the 141 acre figure should not be regarded as the base for future allotments. We took pains to point out that because of the peculiar situation we were affirming the District Court's judgment, but that the increased allotment resulting from and required by the judgment was not binding as a basis for future allotments.

■ The initial order of the District Court directing a 141 acre allotment for 1964 had to be assumed by the Committee to be valid until this Court had passed upon it; but when this Court decided that the District Court should not have ordered an increase in the 1964 allotment, the 1965 and 1966 allotments (based upon the 1964 court ordered allotment) likewise lost all prospective significance.

■ Gladney's allotment of 141 acres was not the result of a factual or policy determination by the Committee. It was the result of the District Court's initial decision that Gladney's allotment should be increased because he had cleared additional land on his farm. The Committee carried out this mandate, pending this Court's decision on appeal. Thus, this Court did not modify an independent administrative decision regarding the allotments. It simply limited the effect of the District Court's decision on the 1964

---

6. Review Committee v. Gladney, 5 Cir. 1966, 354 F.2d 990.

7. Review Committee v. Gladney, 354 F.2d at 991.

8. See note 7, supra.

allotment which, *pendente lite*, the Committee felt obligated to follow for 1965 and 1966.

▆ Because the appellate process is time consuming Gladney has received a windfall for three years by enjoying the benefits of an allotment ultimately found to be erroneous. The District Court was correct in finding that Gladney may not continue to capitalize on the initial error and that it should be left to the Committee to decide whether, applying the appropriate criteria, Gladney's farm is to be considered a hardship or inequity case and, if so, how much of the reserve acreage should be allotted to him to rectify the inequity.

Affirmed.