REVIEW COMMITTEE, VENUE II, W. Bruce White et al., Appellants,

v.

Ed R. REYNOLDS and Daniel L. Schlottman, Appellees.

No. 24538.

United States Court of Appeals Fifth Circuit.

Feb. 13, 1968.

Alex H. McGlenchez, Asst. U. S. Atty., Fort Worth, Tex., Robert E. Kopp, Atty., Dept. of Justice, Washington, D. C., Carl Eardley, Acting Asst. Atty. Gen., Melvin M. Diggs, U. S. Atty., Alan S. Rosenthal and Nancy A. Wynstra, Attys., Dept. of Justice, Washington, D. C., for appellants.

Charles L. Cobb, Lubbock, Tex., McWhorter, Cobb, Johnson & Cobb, Lubbock, Tex., for appellees.

Before TUTTLE, GEWIN and GODBOLD, Circuit Judges.

GEWIN, Circuit Judge:

The county committee of Hockley County, Texas, charged with distributing cotton acreage allotments under the Agricultural Adjustment Act of 1938, as amended, 7 U.S.C. § 1281, et seq., determined that the reduction in acreage allotments to Hockley County for 1965 would result in hardship to local farms and farmers. The committee, therefore, decided to allocate the 18,720 acres of cotton in the hardship and inequity reserve on a pro rata basis. Appellees, owners of farms in Hockley County with a cotton allotment of less than 7% of their cultivated acres, the average cotton allotment being 37.5% of the total crop land in each farm in the county, appealed to the Review Committee contending that their allotments should have been further increased in such manner and proportion as would increase their ratio of cotton allotment to total crop land to the average of comparable neighboring farms. The decision of the county committee was upheld by the Review Committee.

Appellees petitioned the United States District Court for the Northern District of Texas for review of the Review Committee's determination respecting appellees' allotments. The district court ruled that the hardship and inequity reserve was arbitrarily distributed on a pro rata basis in violation of the Act and the pertinent Acreage Allotment Regulations.[1] The court then concluded that the farms operated by appellees fell within the meaning of "inequity and hardship" under the terms of the Act, and therefore, as a matter of law, appellees were entitled to have their allotments increased on the basis of inequity and hardship to the extent necessary to provide them with cotton allotments with respect to their respective farms "to the approximate average of comparable neighboring farms" in the county. The court remanded the case to the Review Committee with direction that it make the proper determinations in accordance with the court's judgment. We affirm as modified.

---

1. 7 U.S.C. § 1344(e), (f) (3) and (6); 7 C.R.F. 722, 211(c) and (d). These statutes and regulations deal with cotton allotments and the duties of administrative committees with respect to such allotments. The regulation with which we are principally concerned is number 722.211(c) (4) which is quoted hereinafter.

The district court correctly ruled that the hardship and inequity reserve can not be distributed on a pro rata basis.[2] However, that portion of the district court's judgment holding that appellees' farms fell within the meaning of "inequity and hardship" and that appellees' allotments should have been increased to the approximate average of comparable neighboring farms in Hockley County is erroneous. It is not within the competence of the district court to decide whether appellees' farms are hardship or inequity cases or to determine precisely what action the Review Committee should take to rectify the hardship or inequity, if one exists. It is for the several administrative committees to consider the various factors enumerated in 7 C.F.R. 722.211(c) (4)[3] and to allocate the hardship and inequity reserve in accordance with its evaluation of the particular circumstances of each individual farm. Gladney v. Review Committee, 380 F.2d 929 (5 Cir. 1967); Review Committee v. Gladney, 354 F.2d 990 (5 Cir. 1966).

Consequently, the court's decision is modified in the following respects: The final language in the second paragraph, holding appellees' farms to be within the meaning of inequity and hardship and that they are entitled to have their allotments adjusted, beginning immediately after the words "Secretary of Agriculture" is hereby eliminated.[4] Further the ordering paragraph of the District Court's judgment[5] directing the Review Committee to increase the appellees allotments is changed and modified to read as follows:

IT IS, THEREFORE, ORDERED and DECREED by the Court that the respective causes be, and they are hereby remanded to the Review Committee, Venue II, Defendant herein, for further proceedings in accordance with the rule set forth in the decisions of

2. The appellants, in thier brief, concede that making a mathematical apportionment of the reserve among all farms in the county rather than on the basis of inequity and hardship was error.

3. Such Regulation provides:

"Adjustments in farm allotments to correct inequities and to prevent hardship. The county committee shall determine the acreage required from the county reserve to supplement any acreage allocated to the county from the State reserve to correct inequities in farm allotments and to prevent hardship. Such reserves may also be used for establishing and adjusting farm allotments as provided in paragraph (g) of this section and to provide fair and reasonable allotments where the county committee had insufficient information to make proper adjustments at the time the original allotment for the farm was established. Any acreage from the county reserve and any allocation to the county from the State reserve to correct inequities and prevent hardship may be used by the county committee for making adjustments in farm allotments to correct inequities and to prevent hardship, *taking into consideration for the farm the acreages planted to cotton in the farm base years, the land, labor, and equipment available for the production of cotton;*

*crop rotation practices; the soil and other physical facilities affecting the production of cotton; and abnormal conditions or production and any other factors* for correcting inequities and preventing hardship." (Emphasis added)

4. The language mentioned is as follows: "* * * that the respective farms operated by the Petitioners, being the only farms operated by the Petitioners, fall within the meaning of 'inequity and hardship' under the terms of the Act and Regulations and they are each, therefore, legally entitled to have their respective cotton allotments adjusted in order to establish for each of them a fair and equitable allotment."

5. This paragraph reads as follows: "IT IS, THEREFORE, ORDERED and DECREED by the Court that the respective causes be, and they are hereby remanded to the Review Committee, Venue II, Defendant herein, with direction that it make such determinations as proper to avoid the hardship and inequities by increasing the respective allotments with respect to the farms operated by the Plaintiffs, respectively, to the approximate average of comparable neighboring farms in Hockley County and to proceed to such actions as may be consistent herewith."

this court in Gladney v. Review Committee, 380 F.2d 929 (5 Cir. 1967) and Review Committee v. Gladney, 354 F.2d 990 (5 Cir. 1966).

The judgment of the District Court is accordingly modified as herein directed and the cause is remanded with directions to enter judgment in accordance with this opinion. Except as herein modified the judgment is affirmed.

Affirmed in part and in part modified and remanded with directions.